MOORE *vs.* SLOAN and others.

When a party becomes the owner of a mortgage, he is entitled at once to the possession of it, and should require that the assignment contain a precise reference, by a description of the property or otherwise, so that the register can identify it; and he will then be able, on the recording of the mortgage, to note the assignment in the proper place.

When the assignee of a mortgage finds that the reference, in the assignment, to the mortgage is so deficient that the register cannot tell by the description therein, what mortgage is intended, and therefore he omits to make the usual reference to the assignment, on the margin of the record of the mortgage, it is the duty of the assignee to take some steps to give notice of the assignment to the holder of a prior mortgage, to the end that he may be made a party to any action to foreclose such prior mortgage. If he fails to use due diligence in this respect, his rights will be cut off by a decree of fereclosure in such an action, although he was not made a party to it.

THIS action was brought to foreclose three mortgages, each of a single lot, made by the defendants Sloan and Leggett and their wives, each dated August 17, 1854, and each for

Moore *v.* Sloan.

$1000. The mortgages were recorded in the office of the register of the city and county of New York, on September 4, 1854. They were made to Caleb D. Gildersleeve, who assigned them to the plaintiff by three assignments, each dated August 28, 1854, and recorded January 24, 1855. The assignments merely described the mortgages by the names of the parties and the amount. No reference was made to the mortgaged premises, or to the record of the mortgages. In fact they had not yet been put upon record.

The three lots, with others, were subject to a prior mortgage to the defendants Cox and others, executors, which in 1856 was foreclosed, and at the sale the premises were purchased by the executors, a large deficiency was left due them; they also afterwards paid taxes and assessments, and discharged still another set of mortgages, prior to either of the above, and being the first lien upon the lots. Gildersleeve was made a party to that foreclosure, but not the plaintiff.

The executors defended this action; claimed that they had no actual notice of the assignments; that an assignment of a mortgage is not within the recording statute; and that, were this not so, there was no such description in the assignments in question, as made their record constructive notice that the present plaintiff owned the mortgages, so as to compel his joinder to the foreclosure suit in order to cut them off; that the lien of the mortgages in suit was foreclosed by the joinder of Gildersleeve.

The executors also claimed that the deficiency on their mortgage, and the liens prior to the plaintiff's mortgages discharged, and taxes and assessments paid by them exceeded the value of the lots and they asked that the plaintiff be compelled to release them.

A clerk from the register's office proved that the usual reference to the assignments on the margin of the record of the mortgages was not made, because the register could not tell by the description in the assignments, what mortgages were intended.

Moore *v.* Sloan.

*Daniel Nemirs,* for the plaintiff.

*John E. Parsons,* for the defendants Cox and others, ex'rs.

CLERKE, J.   The executors had no notice, actual or con-
structive, of the assignment to the plaintiff.   It is no answer
to say, that the mortgages were recorded after the execution
of the assignments, and that therefore the latter could have
contained no references to the liber in the register's office.
This was not the fault of the defendants, but of the plaintiff.
When he became the owner of the mortgages he was entitled
at once to the possession of them, and he should have re-
quired that the assignment should contain a precise refer-
ence by a description of the property or otherwise, so that
the register could identify them, and he would then be able,
on the recording of the mortgages, to note the assignments
in the proper place.   If he refused, I presume, the court
would compel him to do so.   At all events, the plaintiff has
failed in using diligence on the subject.   When he found
that the references in the assignments were so deficient, he
could have done something more than he has done to give
notice of them to the defendants.

I hold, also, that the defendants may set off all the amounts
of prior liens paid by them ; and these amounts, it appears,
greatly exceed the value of the lots in question.

There must be judgment for the defendants, with costs.

[NEW YORK SPECIAL TERM, October 7, 1867.   *Clerke,* Justice.]