Costello agt. Meade.

# SUPREME COURT.

FRANCIS COSTELLO and another agt. ANTHONY MEADE and others.

*Mortgage — Forged satisfaction thereof — purchasers in good faith relying upon the record — Estoppel — Laches.*

A satisfaction-piece of a mortgage purporting to be executed by the mortgagee, properly acknowledged, was filed in the register's office and the mortgage was marked satisfied of record; afterwards the mortgage was assigned by the mortgagee to a *bona fide* purchaser for a valuable consideration; afterwards the premises, covered by the mortgage, were purchased by a person, believing from the records that the premises were discharged from the mortgage.

*Held,* that the assignee of the mortgage could not enforce his mortgage against the premises, in the hands of such innocent purchaser, upon an allegation that the signature to the satisfaction-piece was a forgery, he not having, as soon as he discovered the alleged forgery, taken steps to correct the record or to enforce his mortgage; and that others, through the silence and inactivity of the plaintiff, were justified in dealing with the property as though the mortgage was properly discharged.

When a man so conducts himself, whether intentionally or not, that a reasonable person would infer that a certain state of things exists and acts on that inference, he shall be estopped from denying it (*Cornish* agt. *Abington,* 4 *Hurl & Norman,* 556).

Effect of laches considered.

*Special Term, April,* 1878.

ACTION for foreclosure of a mortgage.

*F. G. Salmon,* for plaintiff.

*C. Elliot Miner,* for defendant Meade.

*I. R. Marvin,* for defendant Pardy.

Costello agt. Meade.

VAN VORST, *J.* — A satisfaction-piece of the mortgage purporting to be executed by the mortgagee, the execution of which was acknowledged before a proper officer, was duly filed in the register's office on the 6th February, 1872, and the mortgage was marked satisfied on the record.

Afterwards, and on the 19th day of March, 1872, the mortgage was assigned by the mortgagee to the plaintiff for a valuable consideration, the assignees having no actual notice of the satisfaction on the record.

The defendant Meade afterwards purchased the mortgaged premises for a valuable consideration in good faith, believing *from the record* that the mortgage was satisfied.

The conveyance to Meade is dated 4th June, 1872. The rights of the defendant Pardy were afterwards acquired, as a mortgagee, in good faith and for a valuable consideration. It is claimed by the plaintiffs that the signature to the satisfaction-piece is a forgery and that the mortgage remains a lien and may be enforced out of the land covered thereby.

The evidence upon this subject is in direct conflict, and the question is left in some doubt and uncertainty as to whether or not the signature is genuine.

A decision either way involves witnesses in false swearing. The mortgagee testifies that he did not execute the satisfaction-piece and that the signature is a forgery. On the other hand a witness is produced who testifies that he was present and saw the mortgagee execute the paper, and went with him before the notary and saw him acknowledge its execution. The notary did not personally know the mortgagee, he relied upon an introduction to him at the time.

This evidence is indecisive, but the view I take of this case renders it unimportant to determine the question as to the genuineness of the signature. By the conduct and omissions of the plaintiffs, in so far as the defendants' rights are concerned, the satisfaction-piece must have the same effect as though it were genuine, and for the purposes of this action must be deemed to be such.

Knowledge of the existence of this satisfaction-piece and the discharge of the mortgage on the record was brought to the plaintiffs as early as April, 1872. They took no steps either to enforce their mortgage by action or to correct the record, but suffered the record to remain as though the mortgage was well discharged. It has remained so for several years. The silence and inactivity of the plaintiffs justified others, acting in good faith and *relying upon the record,* in dealing with the property as though the mortgage was properly satisfied and discharged.

In so far as the defendant Pardy is concerned, whose rights were last acquired, the plaintiffs concede the equity of her claim that their mortgage should be postponed to her's. But the equity of the defendant Meade is denied upon the ground that the laches of the plaintiffs is not set up in his answer.

I do not think it was essential to the defendants' rights that such defense should have been interposed by the answer.

In law the laches of the plaintiffs, from the facts appearing upon the trial, should shield the defendant who otherwise would be damnified thereby.

The plaintiffs could have protected themselves and saved both defendants from loss by prompt and decisive action so soon as they learned of the existence of the satisfaction-piece. Their omission to move justified the defendants in believing that the premises were unincumbered by the mortgage. For if a man so conducts himself, whether intentionally or not, that a reasonable person would infer that a certain state of things exists and acts on that inference he shall be afterwards estopped from denying it (*Cornish* agt. *Abington,* 4 *H. & N.*, 556, BRAMWELL, J.).

It cannot but be that the plaintiffs were under a positive duty, if they would preserve their rights under their mortgage, to have promptly interposed by appropriate action so that the record should not be allowed to mislead persons dealing in the usual way in good faith with respect to the land,

Costello agt. Meade.

and who were justified in relying upon the truthfulness of the record.

The failure of the plaintiffs to act leads to the conclusion that they themselves supposed that the mortgage was properly satisfied. The loss, therefore, if any, must fall upon the plaintiffs and not upon the defendants who are wholly innocent.

As to the defendant Meade the complaint must be dismissed, with costs; and as to the defendant Pardy it must be adjudged that her mortgage should have preference over the plaintiffs, and she should recover her costs of this action.