PLATT C. VIELE, Appellant, *v.* JUNIUS JUDSON, impleaded with others, Respondent.

The record of an assignment of a mortgage is constructive notice to all persons of the rights of the assignee, as against any subsequent acts of the mortgagee affecting the mortgage; it protects as well against an unauthorized discharge as against a subsequent assignment by the mortgagee.

It is not required, in order to make it the duty of a county clerk to record an assignment of a mortgage, that it should contain a statement of the place of record of the mortgage, or a description of the lands mortgaged; it is sufficient if it so identifies the mortgage that by examining the records the one referred to can be ascertained.

It is not imposed by statute as a duty upon the county clerk to note an assignment upon the margin of the record of a mortgage, and his omission so to do does not affect the rights of the assignee.

*Moore* v. *Sloan* (50 Barb. 443), overruled.

Defendant D. executed to V. a mortgage for $1,200, which the latter assigned to plaintiff; the assignment gave the date of the mortgage, the name of the mortgagor and mortgagee, and covenanted that there was due thereon $1,200; the assignment was recorded, but the clerk did not minute on the margin of the record of the mortgage the fact of the assignment; there was no other mortgage of D. bearing the same date. V. thereafter, without authority, executed a discharge of the mortgage,

which was recorded. L., a subsequent grantee of the premises, executed a mortgage thereon to H., both having actual knowledge at the time that such discharge was fraudulent; H. assigned said mortgage to defendant J., who, in an action to foreclose plaintiff's mortgage, claimed his to be the prior lien. *Held,* untenable; that the assignment to plaintiff was sufficient to identify the mortgage, and his rights under it were not affected by the fraudulent discharge, as against any one claiming a right under it; that J., by his assignment, gained no other or greater right than his assignor had at the date of the assignment, as against plaintiff's mortgage; and as H. had knowledge of plaintiff's rights, he took his mortgage subject thereto and so transferred it.

The mortgage from L. to H. was made without consideration, for the accommodation of the former, and it had no inception until purchased by J. *Held,* that this did not change the position of J. or transform the character of his holding from that of assignee to that of mortgagee; also, *held,* that plaintiff was not estopped from enforcing his mortgage, as against J. by the fact that after he had knowledge of the fraudulent discharge he took no steps within a reasonable time to correct the record.

*Viele* v. *Judson* (15 Hun, 328), reversed.

*Costello* v. *Mead* (55 How. 356), overruled.

*Cornish* v. *Abington* (4 H. & N. 550), *Horn* v. *Cole* (51 N. H. 287), *Stevens* v. *Dennett* (51 id. 324), *Gregg* v. *Von Phul* (1 Wall. 280), *Hill* v. *Epley* (31 Penn. St. 331), *Chapman* v. *Chapman* (59 id. 214), *Pickard* v. *Sears* (6 A. & E. 469), *Gregg* v. *Wells* (10 id. 91), *Niven* v. *Belknap* (2 Johns. 573), distinguished.

To sustain an estoppel becaus of omission to speak, there must be both the specific opportunity and the apparent duty to speak; the party maintaining silence must have known that some one was relying thereon, and was either acting or about to act as he would not have done had the truth been told.

(Argued June 11, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming so much of the judgment herein as was in favor of defendant Judson. (Reported below, 15 Hun, 328.)

This was an action to foreclose a mortgage executed by defendant Decker to one Vaughn, and by him assigned to plaintiff.

The defendant Judson alone appeared and answered, setting up a discharge of plaintiff's mortgage, and claiming a priority of lien by virtue of a subsequent mortgage held by him.

Plaintiff's mortgage was for $1,200; it was dated November

4, 1870; the assignment was dated the same day and both instruments were recorded. The body of the assignment was as follows:

"This instrument, made this 4th day of November, 1870, between Evan D. Vaughn, of the city of Rochester, county of Monroe, and State of New York, of the first part, and Platt C. Viele, of the same place, of the second part, witnesseth— That the party of the first part, for a good and valuable consideration to him in hand paid by the party of the second part, have sold, assigned, transferred and conveyed, and does hereby sell, assign, transfer and convey, to the party of the second part, a certain mortgage bearing date the 4th day of November, 1870, made by Franklin Decker, recorded in the clerk's office of Monroe county, in liber      of mortgages, at page on the 18th day of      at one o'clock   M., together with the bond accompanying said mortgage, and therein referred to, and all sums of money due and to grow due thereon. And the party of the first part hereby covenant that there is due on said bond and mortgage the sum of $1,200."

On the 13th day of March, 1873, Vaughn executed and duly acknowledged a regular discharge of said mortgage, and the same was recorded in said clerk's office on the 29th day of March, 1873, and was noted at the foot of the record of said mortgage.

The court found that the plaintiff, "during the summer of 1873, and at all subsequent times, had full knowledge of the said discharge of the mortgage by Vaughn, and of the record of the same and took no steps to reinstate the said record."

In 1875, one Ludlam, who then owned the mortgaged premises, executed a mortgage thereon to one Hubbard, both knowing, at the time, of the existence of plaintiff's mortgage and its assignment to him; also that the discharge was invalid and the mortgage unpaid. The said mortgage was executed to Hubbard without consideration and at the request and for the accommodation of Ludlam, who sold the same to Judson, receiving the purchase-money. The court found, as conclusion of law, that the assignment to plaintiff did not contain a sufficient description of the mortgage or statement of facts to entitle it

to be recorded, and that the lien of the mortgage should be postponed to the lien of Judson's mortgage, to which plaintiff's counsel duly excepted.

*John Davy* for appellant. The assignment being valid, the subsequent discharge of the mortgage by Vaughn on the application of the mortgagor was not only a fraud, but a nullity as against the plaintiff. (*Belden* v. *Meeker*, 47 N. Y. 308; *Van Derkemp* v. *Shelton*, 11 Paige, 29.) Judson took his mortgage subject not only to the equities attending its execution, but subject also to the equities which third parties could enforce against the assignor. (*Crane* v. *Turner*, 67 N. Y. 437; *Green* v. *Warwick*, 64 id. 220.) The fact that Hubbard and Ludlum having actual knowledge of the existence and validity of plaintiff's mortgage, obligated themselves to pay it, was sufficient to protect the plaintiff's interest in the mortgaged premises. (*Mickles* v. *Townsend*, 18 N. Y. 575; *Dusenbury* v. *Hulburt*, 59 id. 546.)

*George F. Yeoman* for respondent. The assignment was not sufficient in form or substance to constitute a constructive notice. (*Moore* v. *Sloan*, 50 Barb. 442.) The record of the assignment, even if it was not defective in form or substance, was not notice to any person except to those acquiring subsequent rights in the mortgage itself. (*Greene* v. *Warwick*, 64 N. Y. 220; *Crane* v. *Turner*, 67 id. 437.) The defendant, Judson, is not affected by Hubbard's knowledge of the existence of the plaintiff's mortgage. (1 R. S. 762, § 37; *Ely* v. *Schofield*, 35 Barb. 335; *Schaffer* v. *Reilley*, 50 N. Y. 61, 66.) The discharge from the records of the plaintiff's mortgage was valid as to Judson. (1 R. S. 761, 762, §§ 28, 29, 37; *Warner* v. *Winslow*, 1 Sandf. Ch. 430; *Ely* v. *Schofield*, 35 Barb. 333; *Van Kuren* v. *Calkins*, 66 N. Y. 77, 82; *Jackson* v. *Van Valkenberg*, 8 Cow. 260; *Fort* v. *Bush*, 5 Denio, 191; *De Lancy* v. *Stearns*, 66 N. Y. 161.) The plaintiff's laches in not taking legal measures to correct the records estop him from saying that the discharge is not valid. (*Continental Nat. Bk.* v. *Nat. Bk. of the Commonwealth*, 50 N. Y. 575,

583; *Stevens* v. *Dennett*, 51 N. H. 324, 334–5; *Phillips* v. *Gallant*, 62 N. Y. 256, 263; *Manufacturers', etc., Bk.* v. *Hazard*, 80 id. 226, 230; *Odlin* v. *Gove*, 41 N. H. 364, 474–6; Sherman & Redfield on Negligence, § 11; *Stillwell* v. *Mutual Life Ins. Co.*, 72 N. Y. 385, 388; *Wilcox* v. *Howell*, 44 id. 398, 403; *Costello* v. *Mead*, 55 How. 356, 358; *Cornish* v. *Abington*, 4 Hurl. & Norm. 556; *Horn* v. *Cole*, 51 N. H. 287, 293–300; *Gregg* v. *Von Phul*, 1 Wall. 274, 281; *Hill* v. *Epley*, 31 Penn. St. 331, 334; *Niven* v. *Belknap*, 2 Johns. 573, 589; *Pickard* v. *Seares*, 6 Ad. & El. 469, 474; *Gregg* v. *Wells*, 10 id. 90; *Chapman* v. *Chapman*, 59 Penn. St. 214, 219; *Taylor* v. *Ely*, 25 Conn. 250, 258.) The plaintiff, by permitting the record to be in such an imperfect state that the mortgagee was able to perpetrate the fraud of discharging the mortgage, must suffer the loss resulting therefrom instead of one acting in good faith and not contributing to the circumstances which made the wrongful act possible. (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 110–112; *Bank, etc.,* v. *Amsden*, 14 Iowa, 544.)

Finch, J. The effect of the recording acts upon the rights of Viele as assignee of the mortgage given by Decker to Vaughn and by the latter discharged fraudulently, and without authority, presents the primary question in this case. The record of such an assignment is not constructive notice to the subsequent purchasers and incumbrancers of the land deriving a title in good faith from the mortgagor, but is constructive notice to all persons claiming a right under the mortgagee by assignment or otherwise. (*Campbell* v. *Vedder*, 3 Keyes, 174; *Gillig* v. *Maas*, 28 N. Y. 191; *Purdy* v. *Huntington*, 42 id. 334; *Greene* v. *Warnick*, 64 id. 220.) The prior mortgage of Decker having been recorded, the sole question remaining is as to the unwarranted discharge of the same by Vaughn, the mortgagee. It is conceded that if Viele's assignment had been unrecorded, the discharge, however invalid as between the original parties, would have been good as against subsequent purchasers for value and without notice of the fraud.

(*Warner* v. *Winslow*, 1 Sandf. Ch. 430; *Ely* v. *Scofield*, 35 Barb. 353; *Van Keuren* v. *Corkins*, 66 N. Y. 77.) But in this case the assignment was in fact recorded, and was constructive notice of the rights of Viele as against any act of the mortgagee affecting the mortgage assigned. It furnished protection against any subsequent assignment of the same mortgage, or any unauthorized discharge. Being on record it was notice that Vaughn's rights were gone and that he could neither assign nor discharge the instrument. (*Belden* v. *Meeker*, 47 N. Y. 308; *Vanderkemp* v. *Shelton*, 11 Paige, 29.) It is said that the record of the assignment was only notice to those acquiring rights in the mortgage itself. (*Greene* v. *Warnick*, 64 N. Y. 220; *Crane* v. *Turner*, 67 id. 437.) That is too narrow a view of the authorities. The same reason that prevents a subsequent assignment prevents also a subsequent discharge. Equally in each case the assignment shows title out of Vaughn and, therefore, incapacity to act. It is claimed, however, that the assignment to Viele was so imperfect that the clerk could not note it on the record of the mortgage and, therefore, it was not constructive notice. The assignment contained the name of the assignor, and of the maker of the mortgage, the date of the same and a covenant of the amount due. Unless, which is not pretended, there was some other mortgage of Decker bearing the same date, there was no uncertainty or ambiguity. It was entirely possible for the clerk to find this mortgage on his records, and be sure it was the one referred to. No rule compels a statement of the place of record, or a description of the lands to make it the duty of the clerk to record. He did do so in fact. That he did not note the assignment in the margin of the record is of no consequence. He might have done so if he had pleased. We have been referred to no statute making it the duty of the clerk to thus note the record of an assignment in the margin of the mortgage. It is purely a matter of convenience. Whether done or not in no manner affects the rights of Viele. For his protection the law only required his assignment to be recorded. It did not impose the additional condition of a note on the record. The only authority for the

insufficiency of the record in question brought to our notice is that of *Moore* v. *Sloan* (50 Barb. 442). We do not think that case was rightly decided.

Judson, therefore, having acquired no right under the recording acts to invoke the protection of this unauthorized discharge, stands merely as the assignee of Hubbard, who took the mortgage, which he transferred to the defendant Judson. By this assignment the latter gained no other or greater rights as against the prior incumbrance than his assignor had at the date of the assignment. The doctrine is fully established that the assignee of a mortgage takes not only subject to the equities existing between the original parties, but also subject to the latent equities which exist in favor of third persons against the mortgagor. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Schafer* v. *Reilly*, 50 id. 61; *Trustees of Union College* v. *Wheeler*, 61 id. 88; *Greene* v. *Warnick*, 64 id. 220.) In the case last cited Judge EARL states the rule with accuracy, and quotes approvingly the terse phrase of Lord THURLOW in *Davies* v. *Austen* (1 Ves. 247), that "a purchaser of a chose in action must abide by the case of the person from whom he buys." The case shows, and the referee finds that not only was the satisfaction by Vaughn after his assignment to Viele, and utterly without right, but that Ludlum, who had become the grantee of the land, and Hubbard, to whom he executed the mortgage afterward assigned to the defendant, had actual knowledge of the fraud when that mortgage was made. Neither the maker nor the holder of that mortgage were in any manner freed from the prior lien of the mortgage held by Viele, but the one executed and the other held the later mortgage, subject to such prior lien. When, therefore, Hubbard assigned his mortgage made by Ludlum to Judson, the latter took subject to the same lien. It is said, however, that the mortgage made by Ludlum to Hubbard was made without consideration, for the sole accommodation of the former, and never had inception, or possessed vitality until its purchase by the defendant. That is true, and yet does not change the position of Judson as an assignee. The fact does not transform the character of his

holding from that of an assignee to that of an original mort-
gagee. It merely changes and postpones the date of the mort-
gage as an effective security. (*Schafer* v. *Reilly, supra.*) It
follows, therefore, that the mortgage of plaintiff has priority
over that held by Judson, unless there is force in the argu-
ment very ably pressed upon our consideration, that Viele is
estopped from enforcing his mortgage as against Judson by
reason of his knowledge of the state of the record and his
omission to correct it. That is the ground taken by the Gen-
eral Term, and very forcibly asserted in the opinion accompany-
ing their judgment. The doctrine is broadly stated that
although the discharge was a fraud upon Viele; was perpe-
trated by other persons, without his previous knowledge or
participation; the record cleared not by him or with his con-
sent; he having done or omitted no act up to the moment of
the discharge; was nevertheless estopped, because, having
learned the state of the record, he did not, within a reasonable
time, either enforce his mortgage by foreclosure, or bring an
action to reinstate it upon the record. That is, a man may be
estopped for not beginning a lawsuit. We cannot assent to
this doctrine, unless the authorities are decisive in that direc-
tion. The case of *Costello* v. *Mead* (55 How. 356) appears to
sustain the position. The discharge of the mortgage was in
fact a forgery by which the record had been cleared. A sub-
sequent incumbrance had been recorded, and because the prior
mortgagee neglected to reinstate the record, he was held to be
estopped from enforcing his own security. The only authority
upon which the decision was rested appears to have been
*Cornish* v. *Abington* (4 Hurlst & Norm. 550). In that case
the rule is stated that if any person, by a course of conduct, or
by actual expressions, so conducts himself that another may
reasonably infer the existence of an agreement, or license,
whether the party intends he shall do so or not, the person so
conducting will not be permitted to gainsay the inference.
The statement is well enough in its application to the facts of
that case. Gover, a superintendent of defendant, had got paper
of Cornish which the latter charged to defendant, although, as

matter of fact, the purchase was really for Gover. Cornish sent to defendant an invoice of sales on which defendant appeared as purchaser. He received it without any objection communicated to Cornish, and, so far as the latter was concerned, kept silence. The delivery of paper continued, and finally, on a refusal of payment, the action was brought, and it was held that defendant was estopped from denying his liability. The case was rightly decided, but it rests upon the distinct fact that the situation originated a duty which the defendant owed to the plaintiff and of which he had actual knowledge. All the other cases cited on the argument have the same distinctive feature. (*Horn* v. *Cole*, 51 N. H. 287; *Stevens* v. *Dennett*, id. 324; *Gregg* v. *Von Phul*, 1 Wall. 280; *Hill* v. *Epley*, 31 Penn. 331; *Chapman* v. *Chapman*, 59 id. 214; *Pickard* v. *Sears*, 6 Ad. & Ell. 469; *Gregg* v. *Wells*, 10 id. 90; *Niven* v. *Belknap*, 2 Johns. 573.) These cases, and those of similar character, have been recently reviewed in this court and do not need a detailed examination. In all of them the silence operated as a fraud and actually itself misled. In all there was both the specific opportunity and apparent duty to speak. And, in all, the party maintaining silence knew that some one was relying upon that silence, and either acting or about to act as he would not have done had the truth been told. These elements are essential to create a duty to speak. We do not find them in the case at bar. The records which showed the discharge showed also its invalidity. The facts were all there, and needed only reasonable care to insure their discovery. A proper search carried through the indices of the records would have disclosed the assignment to Viele and the invalidity of Vaughn's discharge. The danger lay in an inaccurate and incomplete search. Against that possibility the plaintiff was not bound to provide. Nobody relied on his silence or was misled by it. Judson was misled by the state of a part of the record, not by Viele's silence. He did not rely upon that, because he did not even know that Viele knew of the discharge. Indeed, for aught that appears, he did not know that there was such a

man as Viele, much less that he was silent when he ought to have spoken, and so was justifying an inference. How can it be fairly said that Viele's silence operated as a fraud? It does not appear that he knew or suspected that a second mortgage was given, or even that there was such a man as Judson. The latter drew no inference from Viele's conduct, for he neither knew him nor his conduct. The inference he drew was wholly from the acts of other persons. Are we not in danger of going so far as to say that if a man patiently and silently bears a wrong, he shall be estopped from saying that it is a wrong? Suppose one's name is forged to a note, and he learns the fact that such a paper is afloat. Of course he understands that somebody may be deceived and injured by it. Must he bring an action against the forger, or prosecute him criminally within a reasonable time, at the peril of being estopped from proving the note a forgery when its collection is sought to be enforced? Enough has been said to indicate the ground of our opinion that no equitable estoppel existed in this case. We think the mortgage of plaintiff is a prior lien to that held by the defendant and that the judgments below were erroneous.

Judgment of the Special Term and of the General Term reversed, and new trial ordered with costs to abide the event.

All concur, except RAPALLO, J., not voting, and MILLER, J., absent at argument.

Judgment reversed.