CLARE *v.* LOCKARD *et al.*

(*City Court of Brooklyn, General Term.* November 27, 1888.)

ATTORNEY AND CLIENT—LIEN ON JUDGMENT—ESTOPPEL TO CLAIM.

On a motion to open a default, the court required a stipulation that defendant would not dispose of a judgment in his favor against a third person. The stipulation was signed by defendant alone, and was witnessed by defendant's attorney, and acknowledged before him as a notary. *Held,* that the attorney is not estopped to assert his lien on defendant's judgment for services in procuring it.

Appeal from trial term.

Action by Robert M. Clare against Samuel Lockard and Martin E. Halpin on a certain stipulation signed by Lockard and acknowledged before Halpin, as a notary, not to dispose of a judgment in favor of Lockard, and on which Halpin had an attorney's lien. There was a judgment for plaintiff, and defendants appealed.

[1] Bank v. Manufacturing Co., 1 N. Y. Supp. 483.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Martin E. Halpin,* for appellants. *John Henry Hull,* for respondent.

VAN WYCK, J. Clare having obtained by default a judgment against Lockard, Lockard, through his attorney, Halpin, on September 18, 1886, moved to open such default; which was opposed by Clare's attorney, Hull, on the ground that the effort to open the default was intended to defraud Clare, by enabling Lockard to collect or transfer his judgment against one Stegman before Clare could secure a second judgment against Lockard if the default was opened. Of course, the only damage Lockard could inflict in this respect would be to dispose of his interest in this Stegman judgment. To prevent such a result, the court opened the default on condition that Lockard should pay to Clare $40, costs, and serve a stipulation not to dispose of the Stegman judgment, and making the judgment in *Clare* v. *Lockard* a lien thereupon. Lockard paid the costs, and served such stipulation. The case of *Clare* v. *Lockard* was retried, resulting in a judgment against defendant. This stipulation was signed and executed by Lockard alone, and witnessed by Halpin, and acknowledged by Lockard before Halpin as a notary public. At that time and prior thereto Halpin had a lien on the Stegman judgment for his fees and costs in prosecuting the Stegman action. This action is brought by Clare against Lockard and Halpin to enforce the lien given by such stipulation. Plaintiff contended on the trial that his lien on the Stegman judgment was superior to that of the attorney, Halpin. The trial court found on this subject as follows: "That Halpin had a lien on the judgment recovered by Samuel Lockard against Lewis Stegman for the amount of his costs and counsel fee in recovering said judgment; but, by his own act in giving said stipulation, he had made the same subsequent to the lien of the claim of [Clare] the plaintiff in this action."

The only question presented by this appeal is whether or not Halpin, by his conduct in the premises, has estopped himself from asserting his lien against the claim of Clare's lien under the stipulation. At the time the motion to open the default was made, Halpin had a lien for services on the Stegman judgment. At that time Clare's attorney, Hull, knew that Halpin rendered the services in the *Stegman Case,* and that the law gave him a lien on the judgment for such services. Halpin did not execute the stipulation, and did not make any agreement that his lien should be subordinated to that of Clare's claim. Clare's attorney must have known that Lockard could not, by an act or transfer made by him, deprive his attorney, Halpin, of his lien for services on the Stegman judgment. Hull's own testimony shows that his only desire was to prevent Lockard from disposing of his rights in this judgment pending the prosecution of action of Clare against Lockard to a second judgment. If he had desired that Halpin should waive his lien in favor of Clare, he should have requested the court to have made this a condition to the opening of the default; though, if such a request had been made, it would hardly have appealed to the equity of the court, for it is manifest that Halpin had rendered great services in the *Stegman Case* to his client Lockard. The fact that Halpin was a witness to the stipulation, and, as a notary, took the acknowledgment of Lockard to same, could in no way have influenced or induced Clare or his attorney to have accepted the provisions of the order. It was done after and in pursuance of the order directing such course. Can it be seriously urged by any one that the stipulation would have been rejected if some third person other than Halpin had witnessed and taken Lockard's acknowledgment? It is clear that Hull's only fear was that, in case the default was opened, Lockard would transfer or dispose of his interest in the Stegman judgment, and not that Halpin would dispose of his lien upon such judgment; for in the latter he (Hull) had no concern, and against the former the court protected him by directing the stipulation given. We cannot see that Halpin,

by act, word, or silence in this matter, misled or induced Hull to take any step that he has taken on the motion, or since, in pursuance of the order granted thereon. It is well settled that a person can only be estopped by doing some act, making some admission, or remaining silent in the face of some apparent duty to speak, thereby intending to influence the conduct of another, or having reason to believe it would so influence such other person; which act or admission, expressed or implied, of the person sought to be estopped, is inconsistent with the claim he now asserts, and was acted or relied upon by the other party. *Rubber Co.* v. *Rothery*, 107 N. Y. 310, 14 N. E. Rep. 269; *Viele* v. *Judson*, 82 N. Y. 32; *Hill* v. *Epley*, 31 Pa. St. 331. Judgment reversed, in so far as the same affects the plaintiff and defendants, Lockard and Halpin, and new trial ordered as to such parties, with costs to abide the event.

CLEMENT, C. J., concurred.