## ANGELA S. HUNT *vs.* JAMES REILLY *et al.*

PROVIDENCE—MARCH 31, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Dower.  Equity.  Estoppel.  Bona Fide Purchasers.*

A bill in equity filed August 10, 1901, alleged that May 29, 1866, the husband of complainant conveyed certain real estate by a deed purporting to contain a release of complainant's dower, which estate, by mesne conveyances, came to the respondents; that complainant knew nothing of the deed until long after its date, and never signed it and never released dower. Complainant's husband deceased March 17, 1901.

The respondents set up by way of plea that they were *bona fide* purchasers for a valuable consideration, and that complainant knew of the fact that said deed purported to be signed by her within three years after its execution, but did not notify the grantee in her supposed deed, nor any of the grantees who hold by mesne conveyances from her supposed grantee, that she had not signed said deed as appears of record, but permitted them to suppose that said signature was genuine; wherefore she was estopped to set up the claim of fraud:—

*Held,* that the plea lacked the essential elements of an estoppel, as it did not appear that the complainant had either the specific opportunity or the apparent duty to speak.

BILL IN EQUITY to enforce dower rights.  Heard on plea to the bill.  Plea overruled.

STINESS, C. J.  This case has been before us on demurrer to the bill—23 R. I. 471.  The respondents now set up by way of plea that they "were all *bona fide* purchasers for a valuable consideration and that said complainant knew of the fact that said deed, mentioned in said bill of complaint, purported to be signed by her, within the space of three years after the execution of said deed; but said complainant did not notify the grantee in her supposed deed, nor any of the grantees who hold by mesne conveyances from her said supposed grantee, that she had not signed said deed, as appears of record, but permitted them to suppose that said signature was genuine; wherefore these respondents insist that said complainant is estopped to set up the claim of fraud, as alleged in her bill of complaint."  The case is now heard on the sufficiency of the plea.

(1)    The only difference between the question now presented and the one which was before us on demurrer is in the averments that the complainant knew of the forgery of her name within three years from the execution of the deed ; that she did not notify the grantee of the fact of the forgery ; and that the respondents are purchasers for value, whom she has permitted to suppose that said signature was genuine, whereby she is estopped.    We are unable to see that any of the facts thus alleged have changed the legal aspect of the case.    The vital question still remains—by what fact is she estopped ?

The respondents say by silence, when she should have given some notice ; by silence, which has led them to believe that her release of dower was genuine.

The same claim was made, *Viele* v. *Judson,* 82 N. Y. 32, where, after a mortgage had been assigned, the mortgagee executed a discharge of the mortgage, which was recorded. The assignee knew of the discharge and of the record, but took no steps to reinstate the mortgage.    The transfer was recorded, but no note of it was made, as was customary, on the record of the mortgage, and so it was likely to be overlooked on an examination of title, and it so happened. Another mortgage was subsequently given on the same property, both mortgagor and mortgagee knowing that the first mortgage was not paid and that the pretended discharge was invalid, and this was transferred to an innocent purchaser for value.

It was held that the assignee was not estopped from enforcing his mortgage against the innocent purchaser, and this, very plainly, must have been so from the fact that the record showed that the mortgagee had no power to discharge after an assignment.    The defendant, however, having set up estoppel against the plaintiff's enforcing his mortgage, the court passed upon the question of estoppel and thereby overruled *Costello* v. *Meade,* 55 How. Pr. 356, which held exactly what the respondents claim here.    A discharge of a mortgage had been recorded, which the mortgagee said was a forgery.    He assigned the mortgage to a *bona fide* pur-

chaser for value, and subsequently a second mortgage was given on the property. It was held that the assignee was estopped because he took no steps to correct the record.

The reason for overruling *Costello* v. *Meade,* as stated in *Viele* v. *Judson,* was that to sustain an estoppel, because of an omission to speak, there must be both the specific opportunity and the apparent duty to speak; the party maintaining silence must have known that someone was relying thereon, and was either acting or about to act as he would not have done had the truth been told.

These are the principal grounds of an equitable estoppel, but they do not exist in this case. The complainant had no opportunity to warn the grantee, because she knew nothing about the transaction until after it was completed. She was not present with him or with any subsequent grantee, so far as alleged, so as to have either the opportunity or duty to speak. No one has relied on anything said or done by her, or that was being done with her knowledge, while she stood by in acquiescent silence. So far as appears she did not know of a single sale before it was made, or that any one of these respondents was about to act as he would not have done had he known the truth. It is by no means an unprecedented thing for men to buy land subject to a dower right. Warranties in deeds are given to cover just such known and unknown defects in title. The complainant is not chargeable in law with notice that any one of these respondents would not have made his purchase, had he known that she had not released her dower, and it is not averred that she was so notified in fact.

The respondents' argument comes to this: it is to be presumed that no one would buy land laid out as city lots subject to dower; that this land was liable to be sold to somebody; and that failure to give notice of some sort was equivalent to standing by in fraudulent silence.

We have already said that there is no such presumption in law, and that it is not alleged that the complainant knew of any one of these transactions. The only remaining point is— does the possibility of sale make it fraudulent not to give

some sort of notice? As we stated in the former opinion, we know of no notice that she was bound to give, or that she could legally and effectively give, and we repeat what we said before—that the respondents do not show what she should have done. They say it is not for them to show this. If they plead an estoppel, they must set up facts which constitute an estoppel. They have pleaded simply that she did not notify the original or subsequent grantees. Notice to the original grantee before he took the deed was impossible. Failure to notify him afterwards could work no estoppel, for in such a case an estoppel does not arise after the fact. Was it fraud not to give some sort of notice, if any effective notice could have been given? We cannot say that it was. She had no present interest in the property. There was no certainty that she would outlive her husband, so as ever to have any interest. She had no knowledge that it was to be sold, as it has been, and to have acted with reference to it would have been action based upon conjecture. The elements of damage to others are too uncertain and remote to enable us to say that silence under such circumstances was fraud in law. As Judge Finch said, in *Viele* v. *Judson*: "Are we not in danger of going so far as to say that if a man patiently and silently bears a wrong, he shall be estopped from saying that it is a wrong? Suppose one's name is forged to a note, and he learns the fact that such paper is afloat. Of course, he understands that somebody may be deceived and injured by it. Must he bring an action against the forger, or prosecute him criminally within a reasonable time, at the peril of being estopped from proving the note a forgery, when collection is sought to be enforced?"

In *Williamson* v. *Jones*, 43 W. Va. 562, another illustration is put: "If one man chooses to go upon another's land and clear and improve it, the mere failure of the owner to go to him and warn him not to do so will not take away the true owner's title."

The inducement of another to act; the omission to speak only when there is a duty to speak, with knowledge of the circumstances, are the recognized elements of an estoppel.

*Owen* v. *Slatter*, 26 Ala. 547 ; *Lawrence* v. *Brown*, 5 N. Y. 394 ; 11 Am. & Eng. Ency. Law, 2nd ed., pp. 427–8, and notes.

The cases cited by the respondents are not opposed to this principle. They are cases which, in fact, involve the elements above stated, and so do not rest upon mere silence as this case does. We think that the essential elements of an estoppel are lacking. The plea sets up nothing that the complainant omitted to do which it was her duty to do, and hence it is no answer to the bill. .

Plea overruled.

*Irving Champlin*, for complainant.

*Edward D. Bassett, Frederic Hayes, and Warren R. Perce*, for respondents.