Orders in accordance with this opinion may be settled on two days' notice.

---

## HOUSE v. BRILLIANT.

(Supreme Court, Appellate Term.　February 28, 1905.)

ESTOPPEL BY SILENCE.

Where plaintiff told defendant that he proposed to finance the work of another in reliance upon the latter's assignment of the bills therefor to him, and defendant said nothing to plaintiff of an existing debt of that other to him, he was estopped, when subsequently sued by plaintiff on an assigned claim for work done by the other for defendant, to set up the debt of the other to him.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, §§ 285–286.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Barnett House, trading as B. House & Co., against Henry Brilliant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Maurice Mayer, for appellant.
Howard Campbell, Jr., for respondent.

SCOTT, J. The plaintiff sued as assignee of one Jacobs for work, labor, and services. The answer put in issue only the assignment of the claim, and that was sufficiently proven. The defendant undertook to set off an indebtedness to himself from the assignor, and that was admitted. The only question in the case is whether the defendant had estopped himself from setting up his counterclaim as against this assignee defendant. The indebtedness of plaintiff's assignor to defendant arose on March 1, 1904. The assignments to plaintiff were executed after that date. There is evidence, however, from which the justice was justified in finding that in the latter part of March, and before any of the work, labor, and services were rendered, plaintiff and defendant had a conversation respecting certain orders which defendant contemplated giving the assignor, Jacobs; that defendant undertook to be personally liable for and to pay the amount of such orders; and that plaintiff at that time informed defendant that he (plaintiff) was to finance the work for Jacobs, and that he had an agreement with her by which she was to assign her claims to him, and he was to collect them. Nothing whatever was said by defendant at this or any time to plaintiff as to any indebtedness on the part of Jacobs, the assignor, to defendant. In our opinion, these facts established an estoppel against defendant to the set-off, as against plaintiff, of the indebtedness of Jacobs. The defendant must have understood that plaintiff proposed to finance the work by Jacobs in reliance upon her assignment of the bills therefor, so that he could collect

them; and he must be held to have known, or at least to .have had strong reason to believe, that plaintiff would not have advanced the money to enable the work to be done if he had been informed that Jacobs already owed money to defendant, and that defendant would undertake to set off the indebtedness against any amount which should become due to Jacobs on the orders he was about to give. Under the circumstances, the defendant had an opportunity, and it was his duty, to inform plaintiff, before the orders for the work were accepted, of the existing indebtedness on the part of Jacobs; and, having maintained silence, he is estopped now from setting up that indebtedness against this plaintiff. Viele v. Judson, 82 N. Y. 32.

Judgment affirmed, with costs. All concur.