## KNOWLEDGE OF DEFENDANT THAT HIS NAME HAD BEEN FORGED TO A NOTE.

Circuit Court of Muskingum County.

JOHN E. WOODRUFF V. A. D. MONTGOMERY ET AL.

Decided, April, 1908.

*Estoppel—When Created by Omission to Speak—Silence not Culpable, Unless—Pleading with Reference to Intendment—Suspended Rights—Forgery of Signature to Promissory Note.*

1. Before a party can be estopped, by mere silence, to show that his name attached to a note is a forgery, facts must be alleged showing a duty and an opportunity to speak; that the party to be estopped knew or had reason to believe that the owner of the note would rely on his silence and be injured thereby, and that the owner of the note, relying on said silence, was injured.

2. No intendments are made in favor of a plea of estoppel; but it is incumbent on the pleader to aver all facts essential to its existence, with particularity and precision.

*Browning & King,* for plaintiff.
*J. J. Adams,* for defendant.

CRAINE, J.; TAGGART, J., and DONAHUE, J.

John E. Woodruff brought an action in the Court of Common Pleas of Muskingum County against A. D. Montgomery to recover two thousand dollars, with interest at eight per cent. from January 22, 1905, on a promissory note, of which the following is a copy:

"2,000.00.                                        January 22, 1900.

"One year after date we or either of us promise to pay to the order of John E. Woodruff Two Thousand Dollars at eight per cent. interest from date.   Value received.

"A. D. MONTGOMERY.
"ARTHUR J. SHEPPARD."

Arthur J. Sheppard was not made a party defendant, and A. D. Montgomery filed a separate answer in which he alleges that he did not sign said note and that his name attached to said note was a forgery.

The plaintiff filed a second amended reply to this answer, in which he denies each and all of the allegations of the answer and then as a second defense in his reply says:

"Further replying, says that for more than a year prior to the bringing of this action, the defendant, A. D. Montgomery, had knowledge that plaintiff held the note described in the petition herein and that his signature appeared as one of the makers thereof, and that said A. D. Montgomery, with full knowledge of the premises as aforesaid and intending to mislead and deceive the plaintiff in that regard, remained silent and failed to notify plaintiff of his claim that said signature was a forgery until after the absconding of the defendant, Arthur J. Sheppard, as hereinafter set forth; that plaintiff, relying upon the conduct of the defendant, Montgomery, in that behalf, as aforesaid and as to the genuineness of said note and believing said signature to be genuine, failed to take the necessary steps to collect said note from the defendant herein until after the said absconding of the said Sheppard, although said Sheppard was all the while, and prior to his said absconding, the owner of certain property not exempt from execution out of which plaintiff could have satisfied his claim in whole or in part, of all of which facts said Montgomery had full knowledge; that on or about the —— day of February, 1906, said Arthur J. Sheppard absconded for the purpose of defrauding his creditors and has ever since and is now without the jurisdiction of this court and in parts unknown and is wholly insolvent."

A demurrer was filed to the second ground of defense set forth in the reply, which demurrer was sustained by the court of common pleas and, after a trial resulting in a verdict for the defendant, plaintiff prosecuted error to this court, alleging that the court of common pleas erred in sustaining said demurrer. The sole question presented to us in this case is as to the sufficiency of the reply in stating facts sufficient to create an estoppel.

The defendant, Montgomery, never having signed said note and never having received any benefits, it was incumbent upon the plaintiff to allege a state of facts which would estop him from denying his liability on this note, notwithstanding the fact that he had never signed the same.

Paraphrasing the reply, the facts were substantially as follows: Woodruff held a note signed by Arthur J. Sheppard and

purporting to have been signed by Montgomery, but as a matter of fact Montgomery's name to the note was a forgery; that more than a year prior to the bringing of this action Montgomery knew that plaintiff held this note and that he appeared on the face of the note as one of the makers; that with intent to mislead and deceive the plaintiff he remained *silent* and did not notify Woodruff that his name was a forgery until after Sheppard had absconded; that Woodruff, relying upon the conduct (silence) of Montgomery and believing Montgomery to be one of the makers of said note, failed to take steps to collect the note until after Sheppard had absconded; that Sheppard before his absconding had certain property out of which Woodruff could have satisfied this note in whole or in part and that Sheppard was now insolvent. The sole question in this case is, does the reply, alleging this state of facts, create an estoppel?

In 82 N. Y., 32-40, a part of the syllabus reads as follows:

"To sustain an estoppel because of omission to speak, there must be both the specific opportunity and apparent duty to speak; the party maintaining silence must have known that someone was relying thereon and was either acting or about to act as he would not have done had the truth been told."

In 189 U. S., 260, a part of the syllabus reads as follows:

"To constitute an estoppel by silence, there must not only be an opportunity but an obligation to speak and the purchase must have been in reliance upon the conduct of the party sought to be estopped."

In 128 N. Y., 270, a part of the syllabus is as follows:

"The mere fact that another may act to his prejudice, if the state of things is not disclosed, does not render silence culpable, or sufficient to estop the true owner; he owes no duty of active diligence to protect the other party from injury. There must be a standing by and encouragement or acquiesence by the true owner in acts inconsistent with his right, knowing that the other party, acting under a false impression, is about to do what will result in his injury."

The above seems to be the settled principles which control the doctrine of estoppel by silence.

Another well established principle of law is that a party attempting to estop another by his acts or conduct must allege with certainty all the facts necessary to create an estoppel. In 102 Ind., 396, a part of the syllabus is as follows:

"No intendments are made in favor of a plea of estoppel, but it is incumbent upon the party pleading it to aver all the facts essential to its existence."

To the same effect is 21 Circuit Court, 710.

According to our idea, the above is the law of estoppel and as to the manner in which it must be plead. Now does the reply meet these requirements? The reply alleges that Montgomery knew that Woodruff had this note and that his name was a forgery. How he acquired that knowledge is not disclosed, neither is there any allegation in the reply that Woodruff knew that Montgomery knew any thing about this note. It is true that the reply alleges that Woodruff relied upon the *conduct* of Montgomery. But the query is, what was the *conduct* of Montgomery? His conduct was mere *silence*. Montgomery did nothing or said nothing which would induce Woodruff to believe this signature was genuine. If Woodruff had shown this note to Montgomery, and Montgomery after having seen the note had walked away without disclosing the forgery and Woodruff were injured by relying upon the genuineness of the signature, a different question would arise than the one before us. The fact that Montgomery remained silent with the intent to deceive Woodruff can be of little importance from the fact that it nowhere appears that Woodruff even knew that Montgomery had the information that the note was in Woodruff's possession or that it was a forgery.

As was said in 82 N. Y., 32, and 189 U. S., 260, there must have been an opportunity for Montgomery to notify Woodruff that this note was a forgery and the reply should in some way have alleged that such opportunity existed. For all that appears in the reply Montgomery may never have had the opportunity of notifying Woodruff of the forgery even if the facts were such as imposed a duty upon him to do so. For all that appears

Woodruff may have been in a foreign land until after the absconding of Sheppard.

There is no allegation in the reply that Montgomery knew that Woodruff was withholding the collection of this note on the strength of anything that he had done or was doing, nor is there any allegation that Montgomery knew that Woodruff knew that Montgomery knew anything about this note.

A case which the plaintiff places great reliance upon as sustaining his position, is found in 117 U. S., 96, in which the facts are set forth in the syllabus as follows:

"When a bank depositor sends his pass book to the bank to be written up, it is his duty, upon its return, either in person or by a duly authorized agent, to examine the account and vouchers returned, within a reasonable time, and give to the bank timely notice of any objection thereto. If he fails so to do, he may be estopped from questioning the conclusiveness of the account."

In this case a certain forged check had been charged to the plaintiff by the bank and the plaintiff brought an action against the bank for the amount due him, claiming in substance that the check was a forgery. The bank, by way of estoppel, claimed that the plaintiff knew of this forged check, or by the exercise of care could have known of it, and remained silent, and that the bank would be damaged if plaintiff were allowed to show the forgery. In that case the bank being ignorant of the forgery until after it had been disclosed by the plaintiff, the bank's right to pursue the forger had been suspended. In such a case as that the forger might escape and might dispose of all of his property before the bank knew of the forgery. In the case at bar, however, there was no suspended right to sue as there was in the 117 U. S., 96. In the case at bar, Sheppard was one of the makers of the note and there was nothing that Montgomery did which for a moment suspended the right of Woodruff to proceed against Sheppard on this note, nor was there any act which tended to induce Woodruff not to proceed against Sheppard. We think the principle involved in the 117 U. S., 96, and the one in this case are entirely different.

Plaintiff has also cited to us Ewart on Estoppel as supporting

his contention.  There is no doubt but what the text found in Ewart does support the contention of plaintiff, but if Mr. Ewart undertakes to say that mere silence, irrespective of the facts under which the silence was maintained, creates an estoppel, we are unwilling to accept his theory of the law,

We do not think the facts set forth in the reply in this case are sufficient to hold a man liable on a note which he never signed, and we affirm the judgment of the court of common pleas.

DONAHUE, J.

I agree with my associates as to the proposition of law announced in the syllabus of this opinion, but disagree with them as to the construction of the reply filed by plaintiff.  I am of the opinion that the allegations of this reply meet the requirements of the law of estoppel as herein announced.

----

## VACATION OF VERDICT AND NEW TRIAL.