Donahue, J.
The answer of the jury to the second interrogatory submitted to it disposes of the disputed question of fact as to whether or not George M. Shinew directed Dr. Snyder to tell Mrs. Shinew to sign his name to this note. On this question there is a direct conflict of evidence, and therefore, this finding of the jury must be accepted by this court as conclusive of that fact for the purposes of this case as it is now presented. If George M. Shinew did not authorize his wife -to sign this note, then the placing of his name upon the note was a forgery, for it clearly appears that Mrs. Shinew did not place her husband’s name upon the note through any implied *304 authority, or by reason of the fact that she had on previous occasions assumed to sign his name’ to other papers. She was not acting or pretending to act upon any assumption of authority on her part to sign his name because of former transactions, but solely upon the representation made to her by Dr. Snyder that her husband had specifically directed and authorized her to sign this particular paper, and if her husband did not do so, then the signing of his name was a forgery. True, she would not be guilty of forgery because from all that here appears she was acting in good faith aiid relying upon the information imparted to her by Dr. Snyder, but if his representations to her were false then he would be guilty of forgery just the same as if he had used his own hand to write the signature of George M. Shinew. The fact that he procured her to attach the signature of George M. Shinew would make no difference, she was no- more than the instrument by which he accomplished the act of signing George M. Shinew’s name to this note.
This court in the case of Workman v. Wright, 33 Ohio St., 405, held that, “The principle of agency, by which a principal may ratify the unauthorized act of- his agent, does not apply to the alleged ratification of a forged note; the act of the agent being voidable, may be ratified; the act of the forger is void, and can not be ratified.” In that case this court also held that although Wright had promised to pay the note, that the mere promise to pay a forged note without any new consideration,' and' without circumstances creating *305 an estoppel against- the promisor does not become a binding contract creating a liability to pay such note.
In this case the common pleas court charged the jury as follows: “If you find by a preponderance of the evidence that Mrs. Shinew while assuming to act as the agent of Mr. Shinew signed his name to this note, and you find that after the defendant learned that his name had been signed to said note, he ratified the signing of his name by his wife, then the defendant is ■ bound even though he did not authorize the. signing of his name. In order that there may have been a ratification, the defendant at the time of the ratifying the act of his wife, must have known of the facts, relating to the execution of said note and his liability thereon.” This charge is in- direct conflict with the law announced in the case of Workman v. Wright, supra. As already stated there is no foundation for the claim of agency in this case. Mrs. Shinew did not pretend to have any authority to sign her husband’s name as his agent, or to bind him by her; acts as his agent, except the communication made to her by Doctor Snyder that her husband desired her to sign his name to this note, nor1 is it seriously claimed by the plaintiff below that she undertook independent» of this communication to act as her husband’s agent, or to bind him by her contract as his agent; so that the validity of his signature depends entirely on whether Mr. Shinew directed the doctor to tell her to sign his name to this note. If the doctor’s testimony be true, then the transaction was just the *306 same as if the husband had been present and asked the wife to sign his name for him. In such case her act would be his act, and the signature so attached to this note would be his signature and would be valid and binding upon him; therefore, the first question for the jury was whether Shinew did or did not authorize Doctor Snyder to tell his wife to sign his name to this note. If he did not then the signature was a forgery. Forgery being a crime, there could be no ratification of that crime that could operate to change its character. The crime being completed it would forever remain a criminal act, and George M. Shinew could not by any subsequent conduct or admission on his part, ratify a crime that would give validity to an instrument that was absolutely, void at the time of its execution. It is true, however, that, while he might not by any act or conduct on his part ratify a forgery of his name so as to make the instrument a valid instrument, yet he might by his conduct or even by mere silence, estop himself from defending against the payment of the same on the ground that his signature was a forgery, but before he can be estopped by mere silence facts must be alleged and proven showing a duty and opportunity to speak, that the party to be estopped knew, or had reason to believe, that the holder of the note would rely on his silence and that he did rely on -his silence and was injured thereby. Viele v. Judson, 82 N. Y., 32; Wiser v. Lawler, 189 U. S., 260.
' In the third paragraph of the amendment, and supplement- to the petition an attempt is made to' *307 plead an estoppel. It is averred that Shinew had full time, occasion and opportunity in which to-notify the plaintiff not to pay any money thereon. If there were any proof showing that Shinew had “occasion” when it became his duty to speak, when he knew or ought to have known that if he did not speak the bank would rely upon his silence and would be injured thereby, and that it in fact did rely upon his silence and was injured, then this pleading might be held sufficient to have submitted this question of estoppel to the jury, but the proofs do not show any such occasion.
From the evidence it does appear that he had time in which he might have notified the bank of the forgery before the money was paid, but the record does not disclose any opportunity except that there was sufficient time for him to seek such opportunity by voluntarily traveling to the bank, or in some other way communicating with it. The evidence wholly fails to show an occasion to speak, for by “occasion” is meant not only time and opportunity but such conditions and circumstances as required him to-speak, or otherwise be forever estopped from denying his signature. -It is true that a decent regard for the rights of-others ought to induce every man to make such disclosure immediately upon the fact coming to his knowledge." The fact that Shinew did not' immediately communicate with the bank is a. circumstance tending strongly to corroborate the evidence of Dr. Snyder that he had authorized him to tell his wife to sign the note, for the natural and usual" thing for an honest man to do would be to communicate imme *308 diately to those most interested, or most likely to be injured thereby, the fraud sought to be perpetrated upon them and this even though it calls for some inconvenience upon his part, and his failure to do so might well reflect upon the credibility of his evidence arid induce a jury to disregard it altogether, or to find against him upon any disputed question of fact. But he is under no legal oblig-ation to do so, unless the circumstances are such that the holder of the forged instrument would have a right to rely upon his silence, and relying thereon would be prejudiced thereby, and the fact that he did not immediately communicate with the bank while it might reflect upon the credibility of his evidence has no further legal significance.
Therefore it was not error for the trial court to instruct the jury not to consider the question of estoppel. This question being entirely out of the case and the jury having found that Shinew did not authorize his signature to this paper, it must have found that he ratified the same, for there could be no other theory upon which a verdict against .Shinew was returned except the theory óf ratification. The trial court should not have submitted this question to. the jury, but should have instructed it that if it found Shinew did not authorize his signature to be placed upon this note that the placing of it there was a forgery and could not be ratified, and for the same reason the motion of the defendant, George M. 'Shinew, for judgment on the special verdict should have been sustained bv the common pleas *309 court, and the circuit court erred in affirming the judgment of the common pleas. For these reasons the judgment of the common pleas court and of the circuit court affirming the same are reversed, and the motion of George M. Shinew for judgment on the special verdict is sustained; plaintiff’s petition is dismissed as to George M. Shinew with costs, and it is ordered that the said George M. Shinew recover from the defendant in error, the First National Bank of Bowling Green, Ohio, his costs expended in the common pleas, circuit court and supreme court taxed at $......, for all of which execution is awarded.

Judgment reversed and judgment for plaintiff in error.

Spear, C. J., Davis, Shauck, Price and Johnson, JJ., concur.