By the Court—Hoffman, J.
The first and main question is, what was the effect of the omission of Crane to record the defeasance given to him by Willis ?
Both parties eláirn under Crane, who, it is admitted, was seised in fee after June 27, 1850, subject to the mortgage of $4,700 given by Brown’to Stuyvesant.
The deed of Crane to Willis of September 27th, 1852, and the defeasance of the same date made by him, constituted, as between those immediate parties, a mortgage, or conditional sale. (1 R. S., 756, §53; James v. Johnson, 6 John. Ch. R., 417.) So long as bona fide purchasers under either party did not intervene, their rights would" be governed by the deed and defeasance, whether either were recorded or not.
But Willis records Crane’s deed to him on the 2d of October, 1852, in the book of deeds; and Crane omits to record the defeasance at all, or to have" it acknowledged or proven.
ThenWillis conveys to the plaintiff, for valuable consideration, on the 25th of August, 1854. This deed was recorded September 2d, 1854. The Referee finds that the plaintiff was a purchaser for value, and had no notice of the memorandum, of defeasance, until some time after his deed was recorded and the consideration paid. This finding is "supported by the evidence. Crane subsequently conveys to the grantor of the defendant, aiid the latter is in possession.
The provisions of the statute which bear upon the present question are the 2d and 3d sections of the act “ of recording *383 conveyance,” &c. (1 R. S., 756.) By the second section, “ different sets of books are to be provided by the clerks of the several counties for the recording of deeds and mortgages; in one of which sets all conveyances, absolute in their terms and not intended as mortgages, or as securities in the nature of mortgages, shall be recorded; and, in the other set, such mortgages and securities shall be recorded."
The 3d section provides “ that every deed conveying real estate which, by any other instrument in writing, shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage; and the person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof unless every writing operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage or conditional deed, be also recorded therewith and at the same time.”
Under this provision, Willis, for whose benefit the deed was made, could not derive any advantage from the record thereof, unaccompanied with the record of the defeasance. If, for example, Crane had afterwards conveyed or mortgaged the property to a bona fide grantee, Willis might have been set aside in favor of that grantee, (notwithstanding the record of the deed to him,) upon discovering the defeasance. The record, per se, would not protect Willis; although actual notice of the deed, with actual notice of the defeasance, would, I presume, do so, so as to give him the rights of a mortgagee.
These points seem settled under the former registering acts by the cases of Dey v. Dunham, (2 John. Ch. R., 188; 15 Johns. R., 555;) White v. Moore, (1 Paige, 551;) James v. Johnson. (6 Johns. Ch. R., 417; 2 Cow., 247.)
But a bona fide purchaser from Willis finds this deed on record, recorded in the proper book, as an absolute conveyance. He knows nothing to contradict the import of the deed and record, viz.: that Willis was the owner in fee.
It is not contended that Willis could have set up any right against his own grantee. How could Crane do so on his own behalf? He takes the defeasance without acknowledgment, con *384 .ceals -it,. arid thus enables Willis to exhibit himself on- the deed ' and the yecord, as absolute owner.
....How'can Crane’s subsequent grantee be in a better situation? He finds an absolute deed from Crane to Willis on record, and an absolute deed from Willis to the plaintiff. He is chargeable with notice, unless, as the counsel of the plaintiff observes, the effect of the statute is, to annul the record for every purpose; to make the case the same as if there had been no record at all. '
This, we apprehend, cannot be concluded, and we think the case of Mills v. Comstock (5 John. Ch. R., 214,) is sufficient to cover and decide the present question. The purposes and scope of the statute are answered, when it is held, that Willis could not support his title against a bona fide grantee of Crane, by virtue merely of his recorded deed, and that Crane could not defeat a bona fide recorded grantee of Willis by any subsequent grant of his own.
2. It is urged that the possession of Burke, (who was in possession from June, 1850, to June, 1856,) was the possession of Crane, and that when Willis conveyed to the plaintiff Stoddard in 1854, this possession charged the plaintiff with knowledge of Crane’s legal position under the defeasance, and there was therefore an adverse possession in Crane which defeated Willis’ deed to the plaintiff. (2 R. S., 739, § 147.)
Several answers may be given: a purchaser may be treated as chargeable with notice of the nature of the title of one in actual possession of the land, but we apprehend the rule has never been carried further. If Burke’s title would not defeat him, he need not go further. Burke’s possession was not under any title which can affect the plaintiff. And the defendant claims under Burke by deed two years after the plaintiff’s title accrued, by the deed to him.
Again, to hold that the plaintiff was affected in 1854, by a virtual constructive possession of Crane, with notice of Crane being mortgagee in possession, would be to enable Crane fraudulently to defeat the bona fide grantee of his recorded bona fide grantee.
Again, in no proper sense within the statute referred to, avoiding a grant, when the lands are held under a title adverse to that of the grantor, can the possession of a mortgagee be deemed ad *385 verse to that of Ms mortgagor. Crane’s possession ccMlltliSiv® been no more than this, if he had been in actual possesstqij^
3. Two other points of the defendant • may be considered’.^'' together, viz., the fifth point of those signed by Mr. Langdell, and the first of those of Mr. Burke, adopted by him. It is contended that the Referee erred in holding that the defendant was accountable in this action, as mortgagee in possession, for the rents and profits of the premises, and that the plaintiff was entitled to recover upon paying to the defendant the balance found due upon said mortgage. The effect of this decision was to convert an action of ejectment into a bill in equity to redeem. The second proposition is, that the defendant was assignee of an unpaid mortgage, in possession when the action was brought, and cannot be dispossessed by ejectment.
A statement of the course of the pleadings is necessary to understand these points.
The complaint and answer, as originally served, are set out in full in the statement of the case.
[The opinion here states the application made by the defendant to amend his answer, and the proceedings then had in respect to the amendment of that, and also of the complaint, and then proceeds as folloVs:]
The defense thus set up by way of amendment was substantially this: Third, That Crane, in June, 1850, executed a bond and mortgage to Wm. Smith Brown for $4,800, and such mortgage was duly recorded the 27th of June, 1850; that on the 13th of April, 1855, Brown assigned such bond and mortgage to one Ely ; that on the 31st of May, 1856, Ely assigned them to Sarah E. Burke; that Mrs. Burke, being in possession after condition broken by reason of the non-payment of the sum of $1,00Q, the last installment and interest, with her husband conveyed the premises, by a full covenant deed, with warranty, to the defendant, by deed of the 5th of June, 1856, and that Mrs. Burke was, at the date and delivery of such deed, in possession.
The Referee, as appears by his finding, took testimony upon and considered all the questions which could arise under such pleadings; took an account of the rents and profits on the one side, and of the amount due upon the Brown mortgage on the other; found a balance of $113.60 due upon the mortgage, and *386 gave judgment for possession, upon the plaintiffs paying that sum and the costs of the suit.
These facts present some points of interest.
It is undoubted law, that “ when a mortgagor under whom a plaintiff claims has made default, the estate is forfeited at law; the interest which remains in the grantee of the mortgagor is but an equity of redemption; and the owner of such equity could not, after forfeiture, sustain ejectment against the mortgagee in possession, or any one holding under him. He has only the right to redeem in equity.” I use the language of Deistio, J., in delivering the opinion of the Court in Pell v. Ulmar. (18 N. Y. R., 141.)
But, all the cases cited express the rule as applicable to actions of ejectment before the Code. The case itself does not raise or determine the present question under the Code.
The pleadings, and the testimony admitted, and the facts found by the Referee, present a case which embraces every element of a proper bill to redeem mortgaged premises, in the possession of the mortgagee, or persons under him. There is the allegation and proof of a title in the plaintiff sufficient to authorize him to redeem. There is an allegation and proof of the rents and profits amounting to a certain sum, received by the assignee of the mortgage. There is an allegation and proof of the amount due upon the mortgage. There is a demand for the recovery of possession, and there is a judgment that it shall be recovered upon payment of a balance found due on the mortgage. In this the plaintiff acquiesces. It is the same as if he sought it.
It was settled as long ago as the time of Lord Haedwicke, that • upon a bill to redeem from a mortgagee in possession, the Court, after decreeing redemption, would not drive the party to ejectment to recover possession, but would compel the surrender by its own process. (Yates v. Hambly, 2 Atk., 360 ; Seaton on Decrees, 145-147, citing Onely v. Moor, 25th Oct., 1742, and Miller v. Beaty, 12th Dec., 1746.)
We have under the Code the distinction between legal and equitable remedies abolished, and a uniform course of proceeding in all cases established. (Preamble to Code.) We have the dis tinction between actions at law and suits in equity extinguished, and but one form of action to enforce private rights. (§ 69.) We háve' it provided that the plaintiff may unite in the same com *387 plaint several causes of action, whether they be such as have been denominated legal or equitable, or both, in (among other specifications) transactions connected with the same subject of action. (§ 167.) And we find that any relief may be granted consistent with the case made by the complaint and embraced within the issue. (§ 275.)
The amendments by which the complaint was changed and the issues enlarged, have, in fact, converted the case into an action for redemption, and there does not seem to exist any substantial, ground in the justice of the case for defeating the plaintiff and and dismissing the present action.
In the case of Davis v. Conklin, before the present Chief Justice of this Court, an action of ejectment was brought by one who stood in the situation of mortgagor unforeclosed,, against parties claiming under a foreclosure which was adjudged invalid. Those parties, however, stood in the situation of mortgagees or assignees of a mortgagee, in possession after forfeiture, and thus could defeat ejectment. The complaint was thereupon dismissed, without prejudice to the right of the plaintiff to bring such new action as he might be advised. The Court suggested that a suit to redeem was the only proper remedy.
No application to amend the pleadings was there made.
The cases of Marquat v. Marquat, (2 Kern., 336,) and Phillips v. Gorham, (17 N. Y. R., 270,) seem to sanction an amendment of this nature. Yet in Walter v. Bennett, (16 N. Y. R., 250,) it was held that a right to recover upon a contract is wholly distinct from a right to recover as for a wrongful conversion of personal property; and if an action has proceeded to trial upon one ground unsuccessfully, it cannot be sustained upon the other.
But if this view is untenable, another appears to me clear. ■ The exception to the amendment moved for by the defendant,", and to the testimony under it, was well taken. The defendant claimed to be assignee of the Brown mortgage, by reason of a deed to him, with full covenants from the holder of such mortgage. It is certain, as 'I think, that a bona fide holder, by assignment of that bond and mortgage before the deed, could now assert a claim upon the property under it. I know of no rule of law or equity which would effectually transfer the mortgage to the grantee as against such a purchaser.
*388 But, again, the operation of the covenants could not be higher than a virtual equitable assignment of the mortgage to the grantee; and it would seem that a merger would then be effected of such incumbrance in the fee; that this would clearly be the case at law, and that there was not sufficient to bring the case within the equitable rule, by which an incumbrance is sometimes held not to have been extinguished. (James v. Morey, 2 Cow., 246 ; 4 Kent’s Com., 102, and cases.)
There is, however, a yet more decisive view of the point found in the principle decided in Mickles v. Townsend. (18 N. Y. R., 575.) It was held that when a party granted land with warranty, and afterwards acquired a mortgage given by a former owner, he took such mortgage for the benefit of his grantee, and the lien was discharged and acquitted. The line of reasoning pursued by Mr. Justice Strong, is as. pertinent to show that a mortgage in the hands of a grantor at the time of his grant, shall be extinguished as fully as a mortgage subsequently obtained.
It is true that both this learned Judge and Justice Denio do not consider the doctrine of merger as strictly applicable to the case, because it might be that the grantor intended to keep the mortgage alive, within the case of James v. Morey. (2 Cow., 246.) But the doctrine of estoppel did apply, and the subsequent right passes by it.
Whatever be the principle of the decision, it seems to me that the deed with warranty produced between the parties an extinction of the lien at law, and that nothing could have kept it in force but some act of the grantee recognizing and continuing its legal being. Nothing of this kind is in the case, and no presumed intention is warranted.
. The result is that the plaintiff was entitled to his judgment even after the amendments of the answer allowed by the Referee. He has consented to modify this absolute right by paying a certain sum to the defendant; consented to put him in a position as if he were mortgagee in possession. The defendant can hardly complain of this.
Several exceptions were taken to the rulings of the Referee during the trial, but none are noticed upon the points.
The judgment should be affirmed.
•Judgment affirmed, with costs.