By the Court—Woodruff, J.
The plaintiff, according to his own allegations, had executed and delivered to the defendant Lynch a transfer absolute in form, conveying all his interest in the premises, and this was followed by the execution and delivery to the said Lynch of an absolute deed for the houses and lots.
Now, the very first point to be established by the plaintiff, (without which there is no foundation whatever for his claim to redeem,) is, that his transfer to Lynch was made and delivered and received as a mortgage; that it was to secure the debt which he owed Lynch.
Without inquiring how far he was concluded by the absolute form of the transfer, or whether he could be permitted, for his own benefit, to show by parol that such a transfer was not to operate according to its terms and legal effect, it must suffice to say, that, in the face of the absolute assignments and conveyance to the defendant Lynch, and in the absence of any agreement that those *144 instruments shall not operate according to their legal import, or even of any understanding to that effect, there is no presumption that they were intended as a mortgage, but rather that they were intended as a sale for the consideration expressed therein.
The plaintiff’s-allegation is expressly and unqualifiedly denied in the answer of the defendant Lynch. The absolute form of the transfer, and the express denial that it was received under any agreement, promise or understanding that he should hold the premises as security merely, are a full protection to the defendant.. They are a full denial of the only ground upon which the plaintiff asks the interposition of the Court. And until some competent proof was given by the plaintiff in support of his allegations, they stand denied and not proved.
The mere statement of the plaintiff that he had in his own mind confidence that Lynch would continue to hold the property as security merely, and that he would permit the plaintiff to redeem, did not require any denial: it is not averred that this expectation or confidence was communicated to Lynch, or that he knew it when he took the assignments and deeds, still less that he consented to take the property upon any such trust.
As to the defendant Agreda, there is not the slightest just pretense of claim to maintain the action against her. She denied generally every allegation in the complaint, except her own purchase. This put the plaintiff to proof of his allegations, and he offered none.
Besides, as to her, the plaintiff could not claim a right to redeem, if he had shown a parol agreement that the deed to Lynch should be held as a mortgage, unless he also proved that she knew it. The bona fide purchaser from one who holds by an absolute deed obtains a good title, although it was intended as a mortgage, if such purchaser have no notice. (Stoddard v. Rotton, 5 Bosw., 378.)
The Court were bound to dismiss the complaint, or order judgment on the merits for the defendants.
The fact that $27,000 was named as the consideration of each of the assignments to the defendant Lynch, however useful it might be if this were an action for unpaid purchase-money, does not sufficiently show that the assignments were intended as mortgages. The judgment should be affirmed.
Judgment affirmed, with costs.