MARY STONE, Respondent. v. WILLIAM J. LORD. Appellant.

Where by a contract for the sale of lands, the vendor agreed to pay all taxes and assessments, from its date, until the purchase-money was paid as provided, and then to convey by warranty deed, and where at the time. fixed for performance of the contract, there were taxes and assessments upon the lands. *Held*, that upon refusal of the vendor to perform, the vendee was entitled to maintain an action for specific performance; that she was not confined to an action at law upon the covenant to pay the taxes.

The vendor tendered a deed, executed by himself and wife, containing a covenant on the part of the grantee, to pay such taxes and assessments, upon objection being made he struck out said covenant. *Held*, that the vendee was not required to accept the same, as the alteration without the consent of the wife did not remedy the defect, and it vitiated the. deed.

(Argued January 26, 1880; decided February 3, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought for the specific performance of a contract, for the sale by defendant, and the purchase by. plaintiff, of certain lands therein described.

By the contract plaintiff agreed to pay the purchase-price one year from date, defendant covenanted to pay all taxes and assessments, imposed on the premises from the date of the contract, until such payment was made, and upon such payment to deliver a warranty deed, executed by himself and wife. The court found that in the year 1873, the defendant, at the request of the plaintiff, at a public sale, bid off certain property, situated in the city of Rochester, and also the premises described in the contract, and paid the amount of his bid thereon; and also paid taxes properly chargeable on said premises, and incurred expenses in regard thereto. That at the time such purchase was made, it was orally agreed between plaintiff and the defendant that plain-

tiff should repay to the defendant the amount paid by him in such purchase, and all moneys paid by the defendant on account of such land, and a fair price for his services, and, upon such payment by the plaintiff, all such premises should be conveyed by the defendant to the plaintiff. That the plaintiff failed to pay to the defendant the amount so advanced by him on such sale, and for such expenses paid by him and for his services, and the defendant commenced an action of ejectment against the person in possession of said premises to recover the possession thereof which to that time had remained under the control of the plaintiff. That the plaintiff thereupon negotiated with the defendant in regard to the amount due him for the payments made by him, expenses and services, after deducting amounts property to be deducted therefrom, and a sum was finally settled upon by compromise as the amount to be paid to the defendant for the balance due him. That the plaintiff was unable to raise all the money to pay the defendant the sum so agreed upon, and it was agreed between them that defendant should convey to the plaintiff all the said premises except those described in the contract so set out in plaintiff's complaint; that the plaintiff should borrow from the savings bank what money he could on a mortgage of the property conveyed and pay the defendant the amount due him, so far as such money would extend; that such amount as should remain unpaid should be the consideration to be paid in a contract for the premises so to remain unconveyed. That in pursuance of such agreement the defendant conveyed to the plaintiff all the lands, except those described in said contract, by deed, with a covenant of warranty of title thereof, except as against taxes assessed thereon; that the plaintiff executed a mortgage thereon, and paid over to the defendant the net avails of such mortgage in part payment of the amount so liquidated as due to him as aforesaid, and that after such payment there remained due an unpaid to the defendant the sum of $148.45. That thereupon the contract set out in the plaintiff's complaint was made, executed and delivered.

That the plaintiff has fully paid to the defendant the amount agreed to be paid by the said contract, and has fully performed said contract on her · part. That the plaintiff prepared a deed according ·to the terms of said contract and tendered the same to the defendant for execution,. but the defendant refused tö execute the same, and wholly refused to execute any such deed as was agreed to be executed in and by the terms of such contract. It appeared that, at the time payment was made, there were taxes and assessments to the amount of $35.65. Defendant tendered a deed executed by himself and wife and acknowledged, which contained a clause to the effect that the conveyance was subject to all unpaid taxes which the grantee assumes and agrees to pay. The deed being objected to, defendant erased this clause and tendered it as so altered. ·

Further facts appear in the opinion.

*H. D. Tucker* and *Wm. E. Edmonds*, for appellant. The plaintiff had a perfect remedy at law on the covenant in the contract to pay taxes. (2 Washb. on Real Prop., 262, 263; *Cole* v. *Hughs*, 54 N. Y., 444, 449; 2 Story Eq. Jur., § 716, 717; *Losee* v. *Morey*, 57 Barb., 561.) A tender of a proper deed was necessary to put defendant in default.. (*Fuller* v. *Hubbard*, 6 Cow., 13, 17.) It is competent to the parties to consent to the alteration of a deed, after it·is executed, and then it takes effect as a new execution of it. (*Penny* v. *Corwith*, 18 J. R., 499, 502; *Wooley* v. *Constant*, 4 id., 54, 59.) ·In delivering the deed, defendant intended to vest the title in plaintiff; and plaintiff was willing to receive it. That was enough to vest the title. (*Bracket* v. *Volney*, 28 N. Y., 333, 340, 341.) It did not merge or extinguish the covenant in the contract, and could not, unless such was the parties' intention. (*Morris* v. *Witcher*, 20 N. Y., 41.) This finding of fact by the learned judge is directly in conflict with the terms of the covenant and vitiates the judgment based on it. It was error in law, and this court should correct it. (*Tomlinson* v. *The Mayor*, etc., 44

N. Y., 601, 603, 605.)   Plaintiff has no right in equity to
claim to be in any better condition as to her liability to pay
taxes than before the contract was made.   (*Duffy* v. *Dono-
van*, 53 N. Y , 634.)   Courts of equity will not decree
specific performance in cases of fraud, mistake or a hard and
unreasonable bargain, or where a decree would produce
injustice.   (*Mathews* v. *Terwilleger*, 53 N. Y., 634.)   It
must be a fair case, just and reasonable, founded on an
adequate consideration, free from all surprise, and not uncon-
scionable.   (*Seymour* v. *Delaney*, 3 Cow., 445, 450; *Bur-
ling* v. *King*, 66 Barb., 633; *Losee* v. *Morey*, 57 id., 561.)

 *Oscar Craig*, for respondent.   Although the plaintiff
might have been entitled to relief had she accepted the deed
tendered by the defendant, yet such acceptance was not
obligatory.   (*Losee* v. *Morey*, 57 Barb., 561; *Morris* v.
*Witcher*, 20 N. Y., 41; *Rundell* v. *Lahey*, 40 id., 513;
*Remington* v. *Palmer*, 63 id., 31.)   The deed tendered
by defendant does not affect the plaintiff's right to a new
deed, in any view of what occurred between the parties on
the occasion of such tender.   (*Ford* v. *James*, 4 Keyes, 300;
*Brachett* v. *Barney*, 28 N. Y., 333; *Hoag* v. *Owen*, 60 Barb.,
34; *Fonda* v. *Sage*, 48 N. Y., 181, 183.)   Irrespective of
the question of delivery, the deed itself was void as to sub-
sequent purchasers or incumbrancers, because neither as to
the grantor who made the alteration, nor as to his wife who
was not present, was there any subsequent attestation of the
execution of the same by a witness or certificate of acknowl-
edgment.   (1 R. S., 689 [738] § 137; *Penny* v. *Corwith*,
18 J. R., 499; 1 R. S., 690 [739], § 144, p. 707 [756],
§ 1.)

 MILLER, J.   No sufficient reason is given why the plaintiff
is not entitled to maintain an equitable action for a specific
performance of the contract entered into between herself
and the defendant.   She had a right to such a conveyance as
the contract called for and was under no obligation to pursue

a remedy by an action at law upon the covenant of the defendant in the contract to pay all taxes. Even if an action at law might have been maintained to recover the amount of the taxes mentioned in the contract, it cannot affect a suit in equity for the delivery of a proper deed: (*Losee* v. *Morey,* 57 Barb., 561.)

The alteration made by the defendant in the deed tendered by him to the plaintiff after its execution, by striking out the covenant making the premises conveyed subject to taxes, rendered it ineffective to vest a perfect title in the plaintiff. The deed had been executed by the defendant and his wife, and the change made was without the authority of the wife and therefore did not remedy the defect alleged, even if the right of the plaintiff under the contract, as insisted upon by the defendant, was undisturbed. The deed was vitiated by reason of the alteration, and the plaintiff was not bound to accept the same in the form in which it then was.

The claim of the defendant's counsel, that the agreement to pay taxes was without consideration, is not well taken. This position rests upon the assumption that in the account of the defendant furnished upon the adjustment of the defendant's claim, no charge was made for any such taxes, although there is a charge for taxes paid upon the city property, which the defendant had purchased at sheriff's sale and held for the plaintiff's benefit; and that the difference between the amount of the defendant's account and the amount at which it was finally arranged—some thirty odd dollars—was the cost of the ejectment suit brought by the defendant against the plaintiff. The plaintiff, on the other hand, claims that the consideration was agreed upon as a compromise of conflicting claims and in settlement of the ejectment suit, and that the payment of the taxes with the trifling sum in addition was covered by the covenant of warranty, and that the consideration expressed in the land contract was raised from $114.73 by adding $33.72, making $148.45, with the intention to cover the unpaid taxes. There was no direct evidence in regard to this, but there was testi-

mony upon the trial showing that a compromise was agreed upon between the parties, and the judge found that an amount was settled upon by compromise as the sum to be paid to the defendant for the balance due him. This finding is conclusive upon the question considered. It may also be remarked that the written contract merged all prior negotiations and, under the circumstances, must be considered as a settlement of all previous controversy between the parties.

The counsel for the defendant claims that the judge erred in finding as a fact that the deed tendered by plaintiff to defendant was according to the terms of the contract, and that the judgment based and entered on such finding is erroneous. In connection with the finding referred to, the judge also found that the deed was tendered to the defendant for execution, but the defendant refused to execute the same, and wholly refused to execute any such deed as was agreed to be executed in and by the terms of the contract. It cannot be doubted that the defendant refused to execute any deed that the contract called for ; and as the plaintiff was not required to tender a deed, the finding objected to is not material and, therefore, is no ground for reversing the judgment.

We are of opinion, however, that the part of the judgment which provides for the payment of taxes to May 4, 1876, should be modified so as to read from May 4, 1875, and with this modification, the same should be affirmed, without costs to either party in this court.

All concur.

Judgment accordingly.