ANDREW WILSON, Respondent, v. WILLIAM A. PARSHALL,
. Appellant.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Estoppel.   Deed.*—A person, who invests another with the apparent title
 which is afterwards acquired from the latter by a purchaser in good
 faith and for an actual consideration, cannot question its effect as an
 absolute conveyance of the property.
2. *Same.*—Such purchaser cannot, therefore, recover from his grantor the
 expenses incurred by him in procuring deeds from the original grantor
 and his assignee in bankruptcy, and releases from his creditors.
3. *Same.*—Where an absolute deed is given under an agreement that the
 grantee shall sell the premises and pay to the grantor the surplus
 beyond a debt due him from the latter, the grantor cannot disaffirm a
 sale thereof to a purchaser in good faith, but is entitled only to the sur-
 plus, if any. .

Appeal from a judgment recovered on the verdict of a
jury and from an order denying a motion for a new trial.

*H. Aplington,* for appellant.

*Alfred B. Cruikshank,* for respondent.

DANIELS, J.—The verdict was recovered for the sum of
$1,666 as the expenses to which the plaintiff was subjected
in completing the title to a parcel of land conveyed to him
by the defendant. The land had been owned by John W.
Bockhorn. He had executed two mortgages upon it, one
for the sum of $6,000 and the other for the sum of $5,100.
This latter mortgage had been given to Horace K. Thurber
to secure an indebtedness of the grantor in the deed to the
firm of H. K. & F. B. Thurber & Co. The grantor, not
being able to pay the indebtedness, executed and delivered

a deed absolute in form to the defendant, who was a member of that firm, and intended for its benefit.

This deed was executed and delivered in December, 1877, and on the 20th of May, 1880, the defendant conveyed the property to the plaintiff in this action. The deed by which the conveyance was made contained a covenant of seizin and the other usual covenants inserted in conveyances of land. Both these deeds were recorded in the office of the register of deeds of the county of New York near the time when they were respectively executed. The grantor, in the deed to the defendant, intermediate the execution and recording of these two deeds, went into bankruptcy, and among his assets he asserted a claim to this property as still held subject only to the two mortgages, adding that his interest in the property was nothing. The plaintiff entered into a contract to sell the premises to another person whose attorney, upon a search into proceedings affecting the title, discovered those in the bankruptcy court, and because of the conveyance executed by the bankrupt to the assignee in bankruptcy, declined to accept this title until it was perfected by a conveyance of the assignee and releases from the creditors, and it was to recover the expenses which had been paid out for that object by the plaintiff that this action was brought and the verdict was rendered. No question has been raised as to the amount of the recovery, but the appeals have been taken upon the ground that no right of action was maintained by the evidence.

It was proved upon the trial that the plaintiff paid the sum of $5,000 as the consideration of the deed executed and delivered to him by the defendant, and that he had no notice whatever of any defect or infirmity in the title, even if it was disclosed by the proceedings in bankruptcy, but that a search was made and the title considered to be satisfactory at the time when the deed was executed and delivered by the defendant. This evidence proved the fact to be that the plaintiff had been vested with the complete and absolute title

to the property by the deed delivered to him by the defendant. For even though the grantor in the deed to the defendant retained a right of redemption, that could not be asserted by him against the plaintiff, who had purchased the property upon the faith and understanding of the deed delivered to the defendant in form conveying to him the absolute and unqualified title to the land. That deed at least vested the defendant with the apparent indefeasible title. It exhibited him to persons dealing, or proposing to deal, in the land, as the owner of this property, and where a person may invest another with that apparent title and it is afterwards acquired from him by a purchaser in good faith and for an actual consideration, the law will not permit the grantor in the deed, which might otherwise be shown to be defeasible, to question its effect as an absolute conveyance of the title to the property.

The principal upon which this substantial estoppel has been maintained is that " where the true owner holds out another or allows him to appear as the owner of, or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance." McNeil v. The Tenth National Bank, 46 N. Y. 325, 329. And this was afterwards approved as a general legal proposition in Merchants' Bank v. Livingston, 74 N. Y. 223. Whatever may have been the relations existing between the defendant and Rockhorn, his grantor, the former was, as to the plaintiff, the legal and absolute owner of this estate, and conveyed it to him by the execution and delivery of the deed. Stoddard v. Rotton, 5 Bosw. 378; Mills v. Comstock,

5 Johns. Ch. 214; Meehan v. Forrester, 52 N. Y. 277, 280.

It appeared further, both by the evidence of Bockhorn and that of Horace K. Thurber, that the agreement or arrangement was, before the deed was delivered to the defendant, that the firm of Thurber & Co. should sell the property and pay over to Bockhorn whatever surplus might be realized by them from the sale. This evidence proved the fact to be that a sale and conveyance by the defendant was actually intended to be consummated and sanctioned. That which took place was within this authority, and neither Bockhorn nor his assignee in bankruptcy could question its regularity or in any manner disaffirm the conveyance, for the rights of both were limited to the surplus if any should remain after the payment of the incumbrances upon the land. There was no conflict or contradiction in this evidence, and the defendant was entitled to a direction to the jury to find a verdict in his favor.

The judgment and order should be reversed and a new trial ordered, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concur.

---

## NOTE ON " TRANSFER BY APPARENT OWNER."

Where the owner of property confers upon another an apparent title to, or power of disposition over it, he is estopped from asserting his title as against an innocent third party, who has dealt with the apparent owner in reference thereto without knowledge of the claims of the true owner. McNeil v. Tenth Nat. Bank, 46 N. Y. 325; Crocker v. Crocker, 31 Id. 507; Moore v. Miller, 6 Lans. 396; Fatman v. Lobach, 1 Duer, 354.

A purchaser of stocks from one invested with the apparent ownership, obtains a valid title against the real owner from whom they were obtained by fraud. Moore v. Met. Bank, 55 N. Y. 41.

One dealing with the apparent owner of stocks, with actual notice of title in another, can acquire no greater interest in them by an assignment, than the apparent owner claimed the right to or proposed to transfer. Porter v. Parks, 49 N. Y. 564.

The case of Bush v. Lathrop, 22 N. Y. 535, has been so far modified as

to exclude from its operation the case of a purchase in good faith of a non-negotiable instrument from an assignee of the real owner, upon whom he has by assignment conferred the apparent absolute ownership, when such purchase has been made in reliance upon the title apparently acquired by such assignee. Fairbanks v. Sargeant, 104 N. Y. 108; McNeil v. Tenth Nat. Bk., 46 Id. 325; Moore v. Met. Bank, 55 Id. 41; Armour v. Mich. Cent. R. R. Co., 65 Id. 111. This modification is placed upon the ground of estoppel. Id. The real owner has by the act of investing another with the apparent ownership of the property, estopped himself from disputing the title of one who thereafter acquired it in good faith from such assignee. Id. The rule stated in Bush v. Lathrop, ante, with the exception above mentioned, stands in full force unquestioned. Id.; Ballard v. Burgett, 40 N. Y. 314; Weaver v. Barden, 49 Id. 286.

In Stevens v. Trask, 44 N. Y. St. Rep. 649, an action was brought to recover the proceeds of five bonds delivered by plaintiff to her husband. They were delivered by him to the defendant to be credited on his account. The defense was that the proceeds of the bonds were paid by the defendant to the husband of the plaintiff, to whom they were delivered for collection, upon his representation that he was the owner of the same, and that such payment was made in good faith and without any notice of the plaintiff's claim. The plaintiff, at the time of delivering the bonds to her husband delivered also the usual form of irrevocable stock power executed by her in blank. It was held that the act of the plaintiff, in intrusting these documents to her husband, invested him with the indicia of ownership and conferred upon a purchaser in good faith for value a perfect title, not affected by any equities between herself and her husband.