In the Matter of BERT RHONHEIMER, Petitioner, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination of the board of education of the city of New York dismissing petitioner from the position of furniture maintainer's helper after a trial of charges. Determination unanimously confirmed, without costs. No opinion. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.

∎

In the Matter of MICHAEL TRUPCHAK, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority, dated November 25, 1952, suspending petitioner's restaurant liquor license for ten days on the ground that on May 12, 1952, alcoholic beverages were sold to a person actually, although not apparently, under the age of eighteen years. Determination annulled, with $50 costs and disbursements. The finding of the Authority is not supported by substantial evidence. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

∎

ANNA S. MAHLAND et al., Appellants, v. ANNA L. BRADLEY, Respondent, et al., Defendants.— Plaintiffs appeal from a judgment dismissing their complaint in an action to quiet title, wherein it was alleged that the respondent executed and delivered to George H. Mahland, deceased, a deed to certain premises in which the name of the grantee was omitted and in which the deceased was authorized to insert his own or some other person's name. Judgment unanimously affirmed, with costs. Appellants failed to establish any agreement or circumstances from which it could be inferred that the respondent authorized deceased to insert his name in the deed. The principle of implied authority to fill blanks in an instrument does not apply to a deed. (*Hulburt* v. *Walker,* 258 N. Y. 8; *Chauncey* v. *Arnold,* 24 N. Y. 330, 337.) There was no error in the admission of the record in the summary proceedings in which the deceased made the petition stating he was the agent of the respondent. The deceased and the respondent had consulted the attorney who testified, on a question of mutual interest. (Cf. *Wallace* v. *Wallace,* 216 N. Y. 28, 35, and cases there cited.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL FEIBEL, Appellant.— Defendant appeals from a judgment of a City Magistrate holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting said defendant of a violation of section 986 of the Penal Law (bookmaking). Judgment reversed on the law and the facts, the fine remitted, and a new trial ordered. The People failed to establish beyond a reasonable doubt the commission of the alleged crime on the date set forth in the complaint. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.