Richard D. Simons, J.
This action is brought by the plaintiffs to enjoin a trespass to real estate and to recover damages sustained thereby.
On September 26, 1956, the plaintiffs purchased a large tract of land fronting a distance of 442.2 feet on West Genesee Street in the Town of Oamillus, Onondaga County, New York. Bunniug southerly from West Genesee Street on the-westerly side of the tract is the so-called Whedon Boad, never formally dedicated as a street but used by the public and maintained, repaired and plowed by the town for over 30 years.
In 1958, the plaintiffs entered into a contract with the Grand Union Company whereby they agreed to convey the front portion of the tract of land fronting 442.2 feet along the center line of West Genesee Street and u excepting therefrom a strip of land 60 feet wide off the westerly side of the above described premises known as Whedon Boad.” That contract prepared by agents of the plaintiffs also provided in paragraph 12 that the sellers represented that West Genesee Street and Whedon Boad were public thoroughfares and fully opened to traffic.
The deed, when drawn by plaintiffs’ attorney, conveyed to Grand Union Company a tract of land extending along the center line of West Genesee Street 382.19 feet “ to a point ” and then described the westerly boundary as a course southerly 723.34 feet to an iron pipe. At the time of closing, the attorney for the title insurance company asked the plaintiffs’ attorney if it was agreeable to add interlineations to the deed to describe the West Genesee Street line as running 382.19 feet “to a point in the *1095 easterly line of Whedon Road” and also to add to the deed after the southerly course, 723.34 feet “ along said easterly line of Whedon Road,” explaining that these changes were requested for the purpose of insuring that the conveyed premises were bounded by Whedon Road. Plaintiffs’ attorney agreed. He does not recall whether he spoke to his clients about the matter although they were present in the room at all times. The plaintiffs signed the deed before the changes were made and deny any knowledge of them or of the conversation at the closing between the attorneys. The deed was recorded the day of the closing. Three days later, plaintiff Simmons examined the deed at the County Clerk’s office and discovered the additions to the description. He called the attorney for the title company and stated that he would require a reconveyance of a portion of the land because it would be needed to dedicate Whedon Road as a 60-foot wide public road to the Town of Camillas. (This was apparently under the assumption by Simmons that the “ line ” of Whedon Road referred to in the deed meant the pavement’s edge and his erroneous conclusion that he required a 60-foot strip of land for the highway right of way). The title company’s attorney stated he would approve of a deed in the amount needed for highway purposes in favor of the town when requested but declined to authorize a reconveyance to the plaintiffs. The plaintiffs did not discuss the matter with their own attorney or with the attorneys for the Grand Union Company and no further action was taken to change the deed until the Fall of 1963 shortly before this litigation was commenced.
Subsequently, on March 29, 1963, Grand Union Company, unable to obtain a zoning change, conveyed the premises to the defendant, an innocent purchaser, who has now erected garden-type apartments, parking areas, driveways and landscaping on the premises conveyed and utilizing the disputed area along Whedon Road in that connection. The remainder of the tract was conveyed by plaintiffs to a corporation controlled by them for a housing development to the rear of the subject property, off Whedon Road, where they have built about 80 homes, the owners of which use Whedon Road for access.
It is plaintiffs’ contention that they conveyed only 382.19 feet frontage on West Genesee Street, that the monument call (the easterly edge of Whedon Road) was invalid and inserted without their consent, that they own the westerly 60 feet of the tract granted to them in" 1956, and that defendant is trespassing on it.
It is defendant’s contention that the grant runs to the boundary of Whedon Road, that Whedon Road is an artificial monument and that the grant to the monument prevails, regardless *1096 of the actual measured distance. (Robinson v. Kime, 70 N. Y. 147, 154; McNichol v. Flynn, 167 App. Div. 646, 648; 6 N. Y. Jur., Boundaries, § 5.) Defendant claims that Whedon Road is a highway by use, 49% feet wide, and claims title to 10% feet of land between the boundary of the road and the quantity described as fronting on West Genesee Street in the deed.
It is clear that though an oral modification of a deed made by a grantor is invalid and contrary to the Statute of Frauds (Real Property Law, § 259), once acted upon, it is binding. (Harris v. Shorall, 230 N. Y. 313, mod. 231 N. Y. 541.)
It is defendant’s argument that the plaintiffs are similarly bound by the acts of their agent, i.e., their attorney. However, it has been consistently held that there is no implied authority in an agent to complete a deficient deed (Hulburt v. Walker, 258 N. Y. 8; Chauncey v. Arnold, 24 N. Y. 330; Mahland v. Bradley, 282 App. Div. 877), or alter an executed deed (Stone v. Lord, 80 N. Y. 60). Plaintiffs’ attorney had no implied or express authority to alter the description of the property conveyed to Grand Union.
Furthermore, there could be no ratification by plaintiffs of their agent’s acts because an agent’s acts not valid unless performed pursuant to written authority can only be ratified in writing. (Newton v. Bronson, 13 N. Y. 587; Lancaster at Fresh Meadow v. Suderov, 6 Misc 2d 12, affd. 5 A D 2d 1015.)
The defendant urges that the plaintiffs are estopped from asserting their interest, if any there be, to the land between Whedon Road and defendant’s property. The principle of estoppel holds that “Where a person wronged is silent under a duty to speak, or by an act or declaration recognizes the wrong as an existing and valid transaction, and in some degree, at least, gives it effect so as to benefit himself or so as to affect the rights or relations created by it between the wrongdoer and a third person, he acquiesces in and assents to it and is equitably estopped from impeaching it.” (Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458, 461.)
It is immaterial that there may not be any actual attempt to defraud or mislead. (Rothschild v. Title Guar. & Trust Co., supra; Trustees etc. of Town of Brookhaven v. Smith, 118 N. Y. 634.) It is sufficient that the plaintiffs knew or had reason to believe that their acts or inaction might prejudice another (21 N. Y. Jur., Estoppel, § 30.) Where there is a duty on the part of the plaintiffs to speak and they fail to speak to the damage of another, they may be estopped. (Wilson v. Parshall, 54 Hun 637, opn. in 7 N. Y. S. 479, affd. 129 N. Y. 223; 21 N. Y. Jur., Estoppel, § 42.) The duty to speak is not necessarily a legal *1097 obligation to do so but it is founded upon a sense of justice and fair play invoked by the courts to compel a man to act when in all good conscience an honest man would have acted. (21 N. Y. Jur., Estoppel, § 45.) Acquiescence on the part of a true owner of the property in actions inconsistent with his own rights knowing that the other party is acting under a false impression doing acts which result in his injury is sufficient. (Thompson v. Simpson, 128 N. Y. 270.)
In Viele v. Judson (82 N. Y. 32, 40) it was held that an owner is not compelled to institute a lawsuit to correct a property record erroneous to his knowledge or else be estopped by reason of his silence. Costello v. Meade (55 How. Prac. 356) is otherwise.
In this case there was a duty on the part of these plaintiffs to act. They should have taken steps to correct the property record or prevent innocent third persons from being prejudiced thereby and their failure to do so results in an estoppel against the assertion of their rights. Whether that duty called for the institution of litigation or the prompt demand for a corrective deed is immaterial. 'Some action was required.
Plaintiffs were not the innocent victims of some third party’s fraud or forgery. In such cases the duty imposed on them may well have been less. (Rothschild v. Title Guar. & Trust Co., supra.) Neither were they innocent bystanders watching another act in error (cf. New York Rubber Co. v. Rothery, 107 N. Y. 310). They were participants in a transaction which as the result of confusion and error, at least partly on plaintiffs’ side, resulted in what they claim was an erroneous deed description (cf. 3 Pomeroy, Equity Jurisprudence, § 808a; 31 C. J. S. Estoppel, § 90). Plaintiffs’ attorney consented to the change and they discovered it within three days afterwards. They sold the property with the knowledge that it was to be actively developed, they knew the deed contained a latent flaw which innocent parties would have no way of discovering or suspecting and which could only lead to harm. Prompt action could have forestalled harm and resolved the difficulty between the original parties to the transaction. Yet they did nothing to protect their rights. The plaintiffs may not stand by inactive for five years and then wait four or five months longer after observing the defendant start its construction before acting. Under the circumstances, they were obliged to act, not delay to see what the future might hold — at defendant’s expense. Their position now is inconsistent with their inactivity and lack of concern since 1958. Plaintiffs are estopped from asserting title to the 10%-foot strip of land.
*1098 Two points of evidence require comment. First, the court took as proof a stipulation between the parties at the former trial (23 A D 2d 528) as to the width of Whedon Road at 49% feet. There was considerable evidence in the record to support this finding exclusive of the stipulation. Nevertheless, the stipulation was binding on the parties and received in that respect. (Stemmler v. Mayor etc. of City of N. Y., 87 App. Div. 631, affd. 179 N. Y. 473; Catlin v. Adirondack Co., 81 N. Y. 379; Clason v. Baldwin, 152 N. Y. 204; Bazor v. Vigdor, 9 N. Y. S. 2d 906; Richardson, Evidence, § 294; Fisch, Evidence, § 803.)
Second, the defendant over objection, read into evidence testimony of the plaintiff Simmons received at the former trial of this action. Such testimony was admissible as an informal judicial admission and as affirmative evidence in the case — not solely for impeachment (31A C. J. S., Evidence, § 299; Fisch, Evidence, $ 803; Richardson, Evidence, $ 295).
This evidence established that Whedon Road was a highway by use (cf. Highway Law, § 189 ) 49% feet wide and that the westerly boundary of Whedon Road was coincidental with the westerly boundary of the property plaintiffs acquired in 1956 — thus the disputed 10% feet of land which is the subject of this litigation.
The plaintiffs ’ complaint is dismissed, with costs to defendant.