Matter of Rezzolla (2020 NY Slip Op 03379)





Matter of Rezzolla


2020 NY Slip Op 03379


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-06381

[*1]In the Matter of Oscar Rezzolla, deceased. Lois Rosenblatt, etc., respondent; John P. Reinhardt, et al., appellants. (File No. 3649/13)


Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Julie A. Levine of counsel), for appellants.
Gerard J. Sweeney, Lake Success, NY, for respondent.



DECISION & ORDER
In a proceeding for the administration of the estate of Oscar Rezzolla, in which Lois Rosenblatt petitioned pursuant to SCPA 2103 for the turnover of certain real property, John P. Reinhardt and Patricia Gay-Reinhardt appeal from an order and decree (one paper) of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated May 4, 2017. The order and decree denied the motion of John P. Reinhardt and Patricia Gay-Reinhardt for summary judgment dismissing the petition and, upon searching the record, awarded Lois Rosenblatt summary judgment on the petition and deemed a deed dated September 30, 2013, to be void ab initio.
ORDERED that the order and decree is affirmed, with costs.
At the time of his death on January 9, 2013, Oscar Rezzolla (hereinafter the decedent) was the owner of real property located in Belle Harbor, Queens. On June 25, 2013, Valerie Rezzolla, as sole heir of the decedent, purportedly executed a written contract to sell the subject property to the appellants. A closing of the transaction initially scheduled for August 15, 2013, was adjourned to September 30, 2013, at the request of the appellants' title company so that Valerie could obtain letters of administration and validly convey the property on behalf of the decedent's estate. Although Valerie did not attend the initial closing or the adjourned closing, Luigi Rosabianca appeared as her attorney, tendering an "Administratrix' Deed" dated September 30, 2013 (hereinafter the administrator's deed), which falsely recited that Valerie had been issued letters of administration on July 27, 2013. The second page of the administrator's deed was signed "Valerie Rezzolla, Seller," and bore an acknowledgment by Rosabianca dated August 15, 2013. However, letters of administration were not issued to Valerie until September 27, 2013.
In June 2014, a guardian was appointed for Valerie pursuant to Mental Hygiene Law article 81, because she had a history of mental health issues and, at the time of the purported conveyance, resided in an assisted living facility and received outpatient treatment. In May 2015, Valerie's letters of administration were revoked, and letters of administration were issued to the public administrator (hereinafter the petitioner), who filed the instant turnover petition.
In an order and decree dated May 4, 2017, the Surrogate's Court denied the appellants' motion for summary judgment dismissing the petition and, upon searching the record, awarded the petitioner summary judgment on the petition. The court determined that the administrator's deed was void ab initio because it was undisputed that Rosabianca had taken the [*2]signature page of a deed purportedly executed by Valerie in her individual capacity on August 15, 2013, and stapled it to the first page of the administrator's deed. The court therefore concluded that the administrator's deed was "never subscribed by the grantor and, by extension, never delivered."
An estate or interest in real property is generally created or granted by a deed or conveyance in writing, subscribed by the person to be charged (see General Obligations Law § 5-703[1]; Real Property Law § 243; Lake Overlook Partners, LLC v Sosa, 163 AD3d 945, 946). The note or memorandum in writing required by the statute of frauds, in order to bind the party to be charged therewith, must be subscribed by such party underneath, or at the end of such note or memorandum (see 300 W. End Ave. Corp. v Warner, 250 NY 221, 227; James v Patten, 6 NY 9; Steinberg v Universal Machinenfabrik GMBH, 24 AD2d 886, 887, affd 18 NY2d 943).
Contrary to the appellants' contention, Rosabianca had no authority, either express or implied, to attach the signature page of the August 15, 2013, deed to the first page of the administrator's deed (see Hulburt v Walker, 258 NY 8, 15; Stone v Lord, 80 NY 60, 64; Mahland v Bradley, 282 App Div 877; Simmons v Westwood Apts. Co., 46 Misc 2d 1093 [Sup Ct, Onondaga County], affd 26 AD2d 764), nor did his actions alter the conclusion that the administrator's deed was never subscribed by Valerie.
The appellants' contention that they were entitled to retain the subject property as bona fide purchasers for value (see Real Property Law § 266) is without merit. "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (Ortiz v Silver Invs., 165 AD3d 1156, 1157; see Matter of Raccioppi, 128 AD3d 838, 839).
The appellants' remaining contentions are without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court